OPINION
Defendant-appellant, Greg S. Moore, appeals his conviction for breaking and entering, vandalism, and possession of criminal tools. Specifically, appellant asserts that the trial court erred by refusing to allow him to withdraw his guilty plea before sentencing occurred. We affirm the decision of the trial court.
On March 13, 1998, appellant was indicted for nineteen felony counts including breaking and entering, safecracking, vandalism, theft, and possession of criminal tools. On May 6, 1998, in a plea agreement with the prosecutor, appellant pled guilty to nine of the counts, including three counts of breaking and entering, three counts of vandalism, two counts of theft, and one count of possession of criminal tools. The state agreed that, "for purposes of this plea only," four of the counts were allied offenses of similar import.
Appellant appeared and was informed that he could be sentenced to a total of five years in prison and a maximum of $12,500 in fines. Also, the trial court informed appellant that "bad time" could potentially increase his sentence an additional two and one-half years and upon release, he would be subject to three years of post-release control. In addition, the trial court informed appellant that by pleading guilty he was waiving numerous constitutional rights, including the presumption of innocence, trial by jury, the right to remain silent, and to cross-examine prosecution witnesses. Finally, appellant was told that by pleading guilty he could be in violation of his previous parole and, therefore, could receive additional prison time. Appellant stated he understood the nature of the proceedings and did not have any additional questions for the trial court. At the end of the colloquy between appellant and the trial court, appellant pled guilty to the nine counts in the plea agreement.
On June 11, 1998, appellant returned to the trial court for sentencing. However, before sentencing, appellant requested to withdraw his guilty plea. Appellant offered two explanations for why he wished to withdraw his plea: (1) the trial court never informed appellant of the maximum sentence appellant could receive if convicted of all nineteen counts in the indictment, and (2) appellant believed his trial counsel had a conflict of interest because his counsel's office was located across the street from a business that appellant had broken into, and that crime was apparently the basis of some of the charges in the indictment.
The trial court overruled the motion to withdraw the guilty plea and sentenced appellant to five years in prison and $12,500 in fines. Appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW HIM TO WITHDRAW HIS PLEA OF GUILTY.
Crim.R. 32.1 states that:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The Supreme Court of Ohio has stated that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521, 527. However, a defendant "does not have an absolute right to withdraw a plea prior to sentencing." Id. Accordingly, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. Upon appellate review, the trial court's decision to overrule a motion to withdraw a guilty plea cannot be reversed absent an abuse of discretion by the trial court. Id. An abuse of discretion is more than "an error of judgment," it connotes that the trial court's decision was unreasonable, arbitrary or unconscionable. Id., citing State v. Adams (1980), 62 Ohio St.2d 151, 157.
In considering a motion to withdraw a plea of guilty, the trial court would typically consider (1) whether the representation the accused received was competent; (2) whether the trial court followed Crim.R. 11; (3) whether a full hearing was conducted on the motion; (4) whether the trial court fully considered the motion; (5) whether the accused gave specific and legitimate reasons for the motion; (6) whether the accused understood the nature of the proceedings, including the charges against him and possible penalties; (7) whether the accused may have been not guilty or had a meritorious defense to the charges and (8) any other relevant factor. See State v. Fish (1995), 104 Ohio App.3d 236, 240, discretionary appeal not allowed, 74 Ohio St.3d 1443.
In this case, appellant primarily focuses on the second factor, specifically whether the colloquy between appellant and the trial court fully complied with Crim.R. 11(C)(2)(a), which states that:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 Determining that the defendant is making the plea voluntarily with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (Emphasis added.)
Appellant contends that the trial court never informed him and he was unaware of the maximum sentence he could receive if convicted on all the counts in the indictment. The record is clear that the prosecutor and defense counsel discussed that the maximum sentence possible was approximately seventeen years. Appellant, through his counsel, stated at the hearing that "[i]t's my understanding that [appellant's] position is that he did not feel that he understood the maximum aggregate penalty that could result, not from the plea agreement per se, but from all the charges if he had been found guilty at trial." The trial court noted that the plea agreement had been entered three or four days before the day of trial and had not been "rushed." The court remarked that appellant's trial counsel was "very conscientious" and would not have neglected to inform his client of his possible maximum sentence had appellant chosen to proceed to trial. Finally, the court stated that appellant understood the consequences of each and every count to which he pled guilty. Appellant's other reason for withdrawing his guilty plea was that his trial counsel's office is "across the street from the place I broke into." The trial court did not comment on this explanation from appellant. The motion to withdraw the guilty plea was overruled and sentencing immediately commenced.
We agree that, ideally, the trial court should inform a defendant on the record of the possible maximum sentence he could receive if he proceeds to trial. However, in State v. Nero (1990),56 Ohio St.3d 106, the Supreme Court of Ohio stated that "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." Id. at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. (citations omitted). In addition, a defendant must show prejudice. Id. The critical question in establishing a prejudicial effect "is whether the plea would otherwise been made." Id.
In this case, the record indicates every other aspect of Crim. R. 11, with the arguable exception of the "maximum penalty" provision of Crim.R. 11(C)(2)(a), was strictly complied with by the trial court. For example, the trial court determined the plea was voluntary and told appellant about community control sanctions. See Crim.R. 11(C)(2)(a). The court informed appellant about the effect of pleading guilty and the numerous constitutional rights appellant was waiving by pleading guilty. See Crim.R. 11(C)(2)(b) and (c). The court even asked appellant if he any further questions about his plea of guilty.
Regarding compliance with the "maximum penalty" provision of Crim. R. 11(C)(2)(a), the trial court noted that appellant's trial counsel and the prosecutor discussed the maximum penalty appellant could receive during the plea negotiations. The trial court believed that appellant's counsel had informed appellant of this matter. Considering the overall Crim.R. 11 colloquy, we find substantial compliance has occurred in this case and appellant was aware of the implications of his plea. Even if this specific record does not constitute substantial compliance, there is nothing in the record to establish prejudice, specifically that appellant would have pled not guilty and proceeded to trial if he was aware the maximum possible sentence was approximately seventeen years. Nero, 56 Ohio St.3d at 108.
The totality of the factors discussed by our sister district in Fish weigh heavily in favor of a finding that the trial court acted within its discretion. Appellant was clearly competent and understood the nature of the plea agreement. In addition, appellant never expressed any meritorious defense to any of the charges in the indictment. Although the trial court did not detail, we find it relevant that the trial court considered that appellant was familiar with criminal proceedings from past encounters with criminal trial courts. Considering the specific facts of this case, we also believe the trial court's hearing was sufficient to provide a legitimate basis for the court's ruling.
Finally, appellant has provided no credible basis to conclude appellant's counsel had a conflict of interest. The singular fact that one of appellant's crimes was geographically close to his trial counsel's office hardly proves a conflict of interest.
Accordingly, since the trial court's decision to overrule appellant's motion to withdraw his guilty plea was not arbitrary, unreasonable or unconscionable, the single assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.