Defendant-appellant, Noah Sturgill, appeals the denial of his motion to withdraw his guilty plea.
Sturgill and a co-defendant were each indicted on one count of burglary in violation of R.C. 2911.12(A)(3). Sturgill agreed to plead guilty to a reduced charge of attempted burglary.[1] The trial court accepted Sturgill's plea and continued the case for sentencing.
At his sentencing hearing, Sturgill, through counsel, made an oral motion to withdraw his guilty plea. After hearing arguments, the court denied Sturgill's motion and sentenced him of record. The sole assignment of error presented on appeal claims the trial court erred in refusing to allow Sturgill to withdraw his guilty plea.
The Supreme Court of Ohio has noted that "* * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." State v. Xie (1992), 62 Ohio St.3d 521, 527. Rather, a court must first determine whether there is a reasonable and legitimate basis for the withdrawal of a plea prior to sentencing. Id., paragraph one of the syllabus. The decision whether to grant or deny a motion to withdraw a guilty plea is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. Id., paragraph two of the syllabus.
In determining whether to grant a motion for the withdrawal of a plea prior to sentencing, a trial court considers the following: the representation afforded the accused by counsel; the extent of the hearing conducted pursuant to Crim.R. 11; the extent of the hearing on the accused's motion to withdraw the plea; the amount of consideration given to the motion by the trial court; the timing of the motion; the reasons given for withdrawal; the defendant's understanding of the charges and possible penalties; the existence of a meritorious defense; and prejudice to the prosecution. State v. Fish (1995), 104 Ohio App.3d 236, paragraph two of the syllabus, appeal dismissed (1995), 74 Ohio St.3d 1443.
The record reflects that the court conducted a thorough examination of Sturgill pursuant to Crim.R. 11. During that colloquy, Sturgill stated he was satisfied with the advice of counsel, indicated he understood the consequences of his plea, and was aware of the charge and its possible penalties. The record clearly shows the plea was made in a knowing, voluntary and intelligent manner.
Sturgill claimed his attention deficit disorder and learning disability rendered him incapable of understanding and appreciating the wrongfulness of what he was doing at the time of the offense. Sturgill did not argue that he suffered any diminished capacity when he entered his plea nor did he offer or suggest a meritorious defense to the charge. Furthermore, Sturgill's actions to avoid detection and apprehension following the crime, as outlined in the record, clearly indicate that he fully comprehended the seriousness of his actions.
The motion was also made just prior to Sturgill's scheduled sentencing. The court considered the motion after hearing both Sturgill's statement and arguments from counsel. The state claimed it was prejudiced by the timing of the motion since Sturgill's co-defendant had already entered a plea and was himself ready to be sentenced, thereby denying the state the opportunity to use him as a witness against Sturgill.
Having considered the foregoing, we conclude there was no reasonable or legitimate reason given to withdraw the guilty plea. Rather, it would appear that the motion was prompted by nothing more than a change of heart. The trial court did not abuse its discretion in denying Sturgill's motion to withdraw his guilty plea and the assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Sturgill's co-defendant also pled guilty to, and was sentenced for, attempted burglary.