On March 2, 1998, appellant was indicted on five counts of rape in violation of R.C. 2907.02(A) (2), first degree felonies. Each count contained a sexually violent predator specification under R.C. 2941.148. Shortly before the scheduled trial date of August 31, 1998, the state and appellant reached a plea agreement. The state agreed to dismiss the rape charges and specifications in exchange for appellant's guilty pleas to two counts of sexual battery in violation of R.C. 2907.03(A) (5), third degree felonies.
On August 31, 1998, appellant appeared with counsel before the Preble County Court of Common Pleas and pleaded guilty to the two amended charges. The court conducted a Crim.R. 11 guilty plea examination. During that colloquy, appellant indicated that he understood the nature of the offenses to which he was pleading, and that he understood the potential penalties for those offenses, a maximum of ten years in prison and $20,000 in fines.[1]
Appellant also indicated that he understood that by entering a plea he was waiving his right to a jury trial and his right to confront and cross-examine witnesses.
The trial court found that the pleas were knowingly and voluntarily made. Appellant then indicated that he wished to waive a presentence investigation and proceed directly to sentencing. The court noted, however, that a sexual predator hearing was required prior to sentencing. That hearing and sentencing were scheduled for September 30, 1998.
On September 22, 1998, appellant filed a pro se motion to withdraw his guilty pleas. In his motion, appellant claimed that the state wanted to "put [him] away for five counts of rape [he] never done [sic]." Appellant did not state that he was not guilty of sexual battery. Appellant criticized the mother of his victim and alleged that she was guilty of certain criminal offenses. Appellant indicated that he believed that eight years was "too much" for third degree felonies.
On October 2, 1998, the court held a hearing on appellant's motion to withdraw his plea. Appellant's counsel indicated that appellant wished to withdraw his plea because he had been "extremely reluctant" to take the plea offered in the first place, and felt pressured to take the plea because it was a last minute offer.[2] Appellant did not allege that he was innocent, although his counsel indicated that appellant had maintained innocence during their discussions.
In opposition to appellant's motion, the state noted that the court had fully complied with Crim.R. 11 and that appellant had not maintained his innocence. The state specifically argued that they would be prejudiced if the motion was granted because following appellant's guilty plea, the victim and her mother had moved out of state, approximately eight hours away.
In overruling appellant's motion, the court noted that appellant had presented no evidence of any undue pressure. The court found that appellant "simply no longer believed that the plea bar gain and sentence agreement that he entered into was a good deal." Appellant was sentenced to four years on each count to be served consecutively.[3]
Appellant has raised one assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERROR IN NOT PERMITTING APPELLANT TO WITHDRAW HIS GUILTY PLEAS PRIOR TO SENTENCING.
Crim.R. 32.1 states that:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended[.]
Appellant moved to withdraw his guilty pleas prior to sentencing. The Ohio Supreme Court has stated that a "presentence motion to withdraw a guilty plea should be freely and liberally granted."State v. Xie (1992), 62 Ohio St.3d 521, 527. However, a defendant "does not have an absolute right to withdraw a plea prior to sentencing." Id. Rather, a court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea" prior to sentencing. Id. The decision whether to grant or deny a motion to withdraw a guilty plea is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. Id., paragraph two of the syllabus. An abuse of discretion is more than an error in judgment, rather the trial court's ruling must be "unreasonable, arbitrary or unconscionable. Id. at 527, citingState v. Adams (1980), 62 Ohio St.2d 151, 157. The credibility and weight of the movant's assertions are matters that lie within the trial court's exercise of discretion. State v. Smith (1977),49 Ohio St.2d 261, paragraph two of the syllabus.
The First District Court of Appeals has noted that, because such motions are to be "freely and liberally granted," some guidelines for application of the abuse of discretion standard are necessary. State v. Fish (1995), 104 Ohio App.3d 236, 239. Although no one factor is controlling, resulting prejudice to the prosecution is extremely important. Other factors to be weighed include: the representation afforded the accused by counsel; the extent of the hearing conducted on the accused's motion to withdraw the plea; the amount of consideration given to the motion by the trial court; the timing of the motion; the reasons given for withdrawal; the defendant's understanding of the charges and penalties; and the existence of a meritorious defense. Id. at paragraph two of the syllabus.
At the hearing on the motion to withdraw appellant's plea, the state indicated that the victim and her mother had moved out of state after appellant had entered his pleas. Therefore, prejudice was shown. Although appellant claimed he felt pressured to accept the plea, he did not allege any improprieties or threats by his counsel or the prosecution, but merely alluded to the fact that trial was to take place in a few days.
The trial court had conducted a thorough Crim.R. 11 examination of appellant, confirming that he was neither threatened nor coerced into entering a plea and reviewing exactly what rights he was waiving. The record also reflects that the trial court conducted a full hearing on appellant's motion to withdraw his plea and gave it careful consideration. Appellant did not raise a meritorious defense to the charges.
Having considered all applicable factors, we conclude that appellant provided no reasonable or legitimate reason to withdraw his guilty plea. Rather, the trial court correctly determined that appellant "simply no longer believed that the plea bargain and sentence agreement that he entered into was a good deal." The trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Accordingly, the sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] The state and appellant agreed to an eight-year sentence.
[2] The plea negotiations occurred approximately four days prior to the scheduled trial date.
[3] The court made the necessary findings supporting consecutive sentences pursuant to R.C. 2929.14(E) (3).