OPINION
Defendant-appellant Jamal Moody appeals the decision of the Mahoning County Common Pleas Court which denied his second presentence motion to withdraw his guilty pleas. For the following reasons, the trial court's judgment is affirmed.
On May 23, 1997, appellant and a co-defendant were indicted on two counts of felonious assault, which is a first degree felony, one count of improperly discharging a firearm into a habitation, which is a third degree felony, and three firearm specifications. In return for appellant's guilty plea, the state reduced one count of felonious assault to aggravated assault, which is a fourth degree felony characterized by probation eligibility and a maximum sentence of eighteen months in prison. The state dismissed the remaining counts of felonious assault and improperly discharging a firearm. The state also dismissed the firearm specifications.
The court accepted appellant's plea on December 4, 1997 at a plea hearing where the court engaged appellant in a Crim.R. 11 plea colloquy. The case was then set for sentencing. At the February 3, 1998 sentencing hearing, appellant's attorney made an oral motion to withdraw appellant's guilty plea. Appellant stated that he was confused and that he did not feel that he should be punished for something he did not do. The record establishes that the state, the court and appellant's attorney attempted to talk appellant out of withdrawing his plea. He was warned that upon withdrawal of the plea, all original charges would be reinstated. The court redescribed the original charges to appellant. Nonetheless, appellant insisted that he wanted to withdraw his plea. Finally, the court granted the motion and withdrew the guilty plea.
When the parties arrived for the August 1998 trial, appellant decided that he wanted a jury trial rather than the bench trial that he had previously requested. His counsel then sought to withdraw based on a deteriorating relationship with appellant. The court appointed new counsel and reset the trial date for December. However, on November 30, 1998, appellant pled guilty to the three charges in the indictment. In return, the state dismissed the firearm specifications. Once again, the court conducted a plea hearing and engaged appellant in a meaningful dialogue regarding the plea and his rights.
The sentencing hearing was set for February 5, 1999. On February 4, the court reset the sentencing hearing for February 12, 1999 on motion of appellant's appointed counsel. Then, two hours prior to the sentencing hearing, appellant retained a private attorney. One hour prior to the sentencing hearing, this attorney filed a motion to withdraw appellant's guilty pleas. Rather than immediately proceed with the sentencing hearing, the court conducted a hearing on the plea withdrawal motion.
Appellant's retained counsel presented arguments, and appellant testified. Appellant complained that his appointed attorney told him that a plea was the best thing for him and that he would lose if he attempted to go to trial with his mother as an alibi witness. The state objected to appellant's motion stating that they have prepared for the case numerous times, that they would be prejudiced by any further delay and that the longer the case dragged on, the greater danger their eyewitness/victims faced. The court denied the motion, and the sentencing hearing proceeded. Appellant was consecutively sentenced to two years on each of the felonious assault counts and one year on the improper discharge count, for a total of five years. The within timely appeal followed.
Appellant's sole assignment of error provides:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT ALLOWING PLEA WITHDRAWAL."
A defendant may file a presentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Unlike a postsentence withdrawal motion which requires a showing of manifest injustice, a presentence motion shall be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521,526. In ruling on a presentence withdrawal motion, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for the motion. Id. at 527. The trial court's decision shall not be reversed by a reviewing court absent an abuse of discretion, i.e. it shall not be reversed unless the trial court acts unfairly or unjustly.Id. at 526, 527.
The factors to be balanced in considering a presentence motion to withdraw a plea are as follows: (1) whether the timing of the motion was reasonable; (2) whether the state will be prejudiced by withdrawal; (3) whether the defendant understood the nature of the charges and potential sentences; (4) the extent of the Crim.R. 11 plea hearing; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) the representation afforded to the defendant by counsel; (8) the reasons for the motion; and (9) whether the accused has a defense to the charge. State v. Thomas
(Dec. 17, 1998), Mahoning App. Nos. 96CA223, 96CA225, 96CA226, unreported, 3, outlining the factors first set forth in State v. Fish
(1995), 104 Ohio App.3d 236, 240.
In applying these factors to the present case, we have determined that the trial court did not abuse its discretion in refusing to allow appellant to withdraw his guilty pleas. Firstly, the timing of the plea withdrawal motion was not reasonable. Appellant pled guilty on November 30, 1998. He did not move to withdraw his plea until one hour before the sentencing hearing scheduled for February 12, 1999. Both the fact that he waited ten weeks and the fact that he waited until an hour before sentencing contributes to the unreasonableness of appellant's timing. Also relevant is the fact that he contacted his newly retained counsel months prior to the sentencing hearing but did not retain him to file the motion until two hours prior to the hearing.
As for the second factor, the state argued that it would be prejudiced by any further delay in the case. At the time of this plea withdrawal hearing, the crime was almost two years old. The state pointed out that it had prepared for trial multiple times only to be precluded from trying the case. For instance, the state was presented with a prior plea which was withdrawn on the day of sentencing. Thereafter, the state was prepared for a bench trial which was continued on the day set for trial because appellant decided he wanted a jury trial instead. The state also argued that the longer the case dragged on, the greater danger the eyewitness/victims faced. We also note that eyewitness testimony is not infallible when it is fresh, let alone when it is two years old. Additionally, new counsel was seeking at least a three-month continuance if the motion to withdraw was granted. Accordingly, we must conclude from the foregoing factors that prejudice to the state was established.
The third factor, whether the defendant understood the nature of the charges and the potential sentences, relates to the fourth factor, which requires an evaluation of the plea hearing. Appellant was advised of the nature of the charges and the potential sentences at his first plea hearing, at his first plea withdrawal hearing and at his second plea hearing. Although appellant testified at the second plea withdrawal hearing that he did not know what he was charged with, his credibility is highly suspect in light of the various hearing transcripts and his later admission that he was advised of the charges. Moreover, appellant was fully advised of his rights under Crim.R. 11 at both his first and second plea hearings. The fact that appellant went through the plea process twice is highly relevant to his understanding of the situation he faced.
The fifth factor requires an evaluation of the extent of the plea withdrawal hearing, and this relates to the sixth factor concerning whether the court gave proper consideration to the motion. Once again, the fact that appellant went through two plea withdrawal hearings is fairly significant. The court allowed extended oral arguments to be presented at the second plea withdrawal hearing. Appellant also testified at the hearing. The extent of this withdrawal hearing is reflected in seventy-two pages of transcript. Hence, these factors weigh in favor of the court's decision to deny plea withdrawal.
The seventh factor entails a consideration of the representation afforded to appellant. Appellant suggests that he received inadequate representation. However, we do not agree. Appellant's first court-appointed counsel negotiated a plea for appellant whereby two first degree felonies, one third degree felony and three firearm specifications were dismissed. In the plea agreement, appellant would plead to one fourth degree felony which carried a maximum sentence of eighteen months with probation eligibility. When appellant sought to withdraw the plea at the last minute at the sentencing hearing, appellant's counsel disagreed with his decision but successfully argued the plea withdrawal motion for him. Contrary to appellant's suggestions, we can find nothing defective with this attorney's performance.
Appellant's second attorney was appointed after his first attorney appeared on the day of trial only to find that appellant had changed his mind about his desire for a bench trial. Appellant's second counsel obtained co-counsel to assist in her defense of appellant. These attorneys filed a notice of alibi on appellant's behalf. In attempting to negotiate a plea, the state would offer nothing more than dismissal of the three firearm specifications. The state's refusal to offer the same favorable plea agreement from which appellant had previously withdrawn is not attributable to defense counsel.
Appellant complains that his attorney stated that taking the plea was the best thing for him and that he would lose if he went to trial with his mother as his alibi. He states that his attorney opined that it would be best if he did not take a polygraph because if he failed, he would be in an even worse situation. Appellant also alleges that his attorney told him that if he did not take the plea agreement, then she was "walking." Nonetheless, appellant's credibility was weak at the time of the plea withdrawal hearing. For instance, he claimed that he never read the plea agreement even though he is on record at the plea hearing stating that he read it and signed it. Additionally, his testimony is contradictory in that he first states that no one read the agreement to him, and then admits that his attorney read it to him. (2/12/99 Tr. 53, 67). The Supreme Court has instructed reviewing courts to defer to the trial court's judgment in evaluating credibility at a plea withdrawal hearing.Xie, 62 Ohio St.3d at 525. Furthermore, there is nothing deficient about an attorney giving her opinion on the chances of success at trial, on the perceived credibility of an alibi witness and on the danger of taking a polygraph. Lastly, appellant's retained counsel presented a lengthy oral argument and direct examination of appellant in support of his withdrawal motion. Therefore, the representation afforded to appellant is a factor that weighs in favor of denial of the motion to withdraw the pleas.
The eighth factor requires a review of the reasons behind appellant's desire to withdraw his pleas, and the ninth factor asks whether appellant may have a defense. The reasons set forth by appellant are basically that he wants a trial because he had nothing to do with the crime and that his attorney should not have asked him to plead guilty because she knew that he preferred a trial. This is essentially the same reasoning set forth by appellant at his first plea withdrawal hearing. At that hearing, appellant's motion was freely granted. His case was set for trial; he succeeded in having that trial continued by asking for a jury rather than the bench trial that he had previously requested. A year after entering his first plea, he entered another plea. At each of those proceedings, appellant's rights were explained to him by his legal counsel and the court. For appellant to claim confusion after at least four detailed explanations, necessitates a conclusion that he was either pathologically dense, or was attempting to delay his trial for his tactical advantage. Since the responses of appellant to questions put to him at the two hearings held by the trial court to decide whether appellant should be permitted to withdraw his plea on the day of sentencing eliminate the former categorization, we are left with the inescapable conclusion that appellant was motivated by tactical considerations of delay.
Finally, we note that a defendant does not have an absolute right to withdraw his guilty plea. This is particularly the case where a defendant is attempting to do so for the second time in the same case. Because the factors analyzed above weigh in favor of the state, we cannot say that the trial court abused its discretion in denying appellant's motion to withdraw his guilty pleas.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs, Waite, J., concurs.