[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Maintaining that the trial court abused its discretion, defendant-appellant, Raymond Short, appeals the denial of his presentence motion to withdraw his plea of guilty to possession of cocaine in violation of R.C. 2925.11(A). Concluding that the court properly exercised its discretion, we overrule Short's assignment of error.[1]
Short was indicted for preparation of cocaine for sale in violation of R.C. 2925.07(A) and for possession of cocaine in violation of R.C.2925.11(A). The possession charge included a major-drug-offender specification. After extensive plea negotiations, Short entered a plea of guilty to the possession charge, and the state, in exchange, agreed to reduce the mandatory ten-year sentence for possession of cocaine to eight years, and to dismiss the specification and the preparation-for-sale charge. After accepting Short's plea and finding him guilty, the trial court ordered a presentence investigation and continued the case for sentencing to June 23, 2000. On the day of sentencing, the trial court, pursuant to defense counsel's request, allowed Short's counsel to withdraw from the case, appointed new counsel, and continued the case. On June 26, 2000, Short's new sentencing date, Short submitted a motion to withdraw his plea of guilty, claiming that his original trial counsel had misrepresented the length of the sentence he would have to serve. A brief hearing ensued on the motion, with the trial court considering comments from Short and the prosecutor.
Though a defendant does not have an absolute right to withdraw a plea prior to sentencing, it is well established that a presentence motion to withdraw a guilty plea should be "freely and liberally granted."[2]
Although such a motion is to be treated liberally, the trial court's decision is still ultimately one of discretion. In determining whether the trial court has properly exercised its discretion, this court has previously considered nine non-exclusive factors, including whether the trial court provided the defendant with a full hearing on the motion to withdraw the plea, whether the defendant was given a full Crim.R. 11 hearing before entering the plea, and whether the defendant understood the nature of the charges and the possible penalties.[3]
Although an extensive hearing was not held on Short's motion to withdraw his plea, the trial court did give appropriate consideration to the motion. Short's sole supporting argument was that he had not understood that he was going to be sentenced to an eight-year prison term. In contrast, the prosecutor noted that Short's original trial counsel had stated at the plea hearing, albeit after Short had actually entered his guilty plea, that the plea bargain mandated that Short receive an eight-year prison term with the potential to have that term reduced to the minimum, three years, if Short or his family provided information to the Cincinnati Police that led to the seizure of other drug offenders. After the state and Short presented their arguments, the court examined the transcript of Short's responses during the Crim.R. 11 hearing and expressly concluded that Short had understood the nature of the charges against him and the range of potential sentences, that the plea bargain was of substantial benefit to Short, as it reduced a possible twenty-five-year sentence to a potential maximum of eight years, and that Short had expressed satisfaction with his former counsel.
A review of the record demonstrates that, before accepting Short's guilty plea, the trial court conducted a thorough and full hearing to assure that Short understood the nature and effect of his guilty plea and the related rights afforded to him under Crim.R. 11. Further, we conclude that Short understood the potential time that he would have to serve in prison. Twice during the plea hearing, Short answered in the affirmative that he understood that he was not eligible for parole and that he would serve a mandatory prison term of three to ten years.[4] The trial court also asked Short if he had "thoroughly discussed this matter with [his] attorney," and Short replied in the affirmative. Finally, Short's counsel stated on the record that he had explained to Short and his family that Short would be sentenced to eight years, with the possibility for a reduction if Short supplied information to the police relating to other drug offenders. Short did not supply any information, and, accordingly, the eight-year sentence was not reduced.
Because Short received a thorough Crim.R. 11 hearing prior to entering his guilty plea and understood that he would be sentenced to serve eight years in prison for pleading guilty to possession of cocaine, there was no legitimate basis for allowing his guilty plea to be withdrawn. Accordingly, we conclude that the trial court did not abuse its discretion in denying Short's motion to withdraw his plea of guilty, and, therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired from the First Appellate District, sitting by assignment.
[1] Attached to the brief as "Exhibit B", Short has advanced, pro se, a separate assignment of error arguing ineffective assistance of his trial counsel. We are not required to address this assignment of error because it is not briefed in accordance with App.R. 16(A). See App.R. 12(A)(2);State v. Hall (Nov. 29, 2000), Hamilton App. No. C-000124, unreported. Nevertheless, a review of the record demonstrates that the assignment is without merit, and, thus, overruled. See Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052.
[2] State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715,719.
[3] See State v. Fish (1995), 104 Ohio App.3d 236, 661 N.E.2d 788, certiorari denied (1995), 74 Ohio St.3d 1443, 656 N.E.2d 344.
[4] The trial court, throughout the plea hearing, repeatedly told Short that his potential sentence could range from three years to ten years, but Short's counsel stated on the record that the plea bargain lowered the potential maximum to eight years, which the trial court ultimately honored.