The STATE of Ohio, Appellee,

v.

FISH, Appellant.

[Cite as *State v. Fish* (1995), 104 Ohio App.3d 236.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940867.

Decided May 31, 1995.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman,* Assistant Prosecuting Attorney, for appellee.

*James R. Schimanski,* for appellant.

PAINTER, Judge.

Appellant, Steven Fish, was charged with menacing by stalking, in violation of R.C. 2903.211. He appeared with counsel at arraignment on July 6, 1994. Counsel entered a plea of not guilty and filed a written jury demand.

On August 1, 1994, at a pretrial conference, appellant again appeared with counsel, who advised the court that appellant wished to proceed with a jury trial. The court referred appellant and counsel to the assignment commissioner's office to select a date for the jury trial; however, on the way to that office, appellant apparently decided, against the advice of counsel, to change his plea to no contest. Appellant and counsel reappeared in the courtroom and apprised the trial judge of the hallway change of heart. The judge accepted appellant's plea and sent appellant to the probation department for a presentence report. Shortly thereafter, appellant's heart suffered another reversal and he contacted counsel with the object of following counsel's original advice and restoring his not-guilty plea. Counsel filed a motion to withdraw the no-contest plea on August 18, 1994.

On September 28, 1994, after a short hearing, the court denied appellant's motion. Counsel also informed the court that appellant's jury demand had not been withdrawn or waived, contending that the court was thus not in a position to pass sentence. The trial judge overruled counsel's objections and proceeded to sentence appellant.

■ Appellant now raises two assignments of error, contending that the trial court erred in two respects: (1) by overruling appellant's motion to vacate his plea, and (2) by taking the plea and proceeding in the absence of a written jury waiver. We will discuss the assignments in reverse order.

■ Clearly, appellant possessed a right to a jury trial under Section 10, Article I of the Ohio Constitution and also under R.C. 2945.17. In a "serious" offense case, the right to a jury is automatic, requiring no act by the defendant to demand it, and requiring an affirmative written document to waive it. However, where, as here, the charge involved is a "petty" offense (one with a penalty of six months' incarceration or less), a defendant must file a written jury demand to

avoid a waiver under Crim.R. 23(A). The record reflects that appellant did file a timely jury demand. The state contends, without citing any cases which so hold, that the appellant waived this previously invoked right solely by reason of his plea of no contest. We do not agree, and sustain appellant's second assignment of error.

In *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, the Ohio Supreme Court held that a jury demand, once filed in a petty offense case, prohibits the court from trying the defendant without a jury. The court in *Tate* also held that, in accordance with R.C. 2945.05, such a waiver may not be inferred by silence and must be in writing, filed with the court, and made a part of the record. See, also, *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563. These cases dealt with instances where a trial court proceeded to try a defendant without a jury waiver, but we perceive no difference in the situation here—once the defendant has properly demanded a jury trial in a petty case, the court simply cannot proceed to trial, or even to a finding of guilty after a no-contest plea, without a written jury waiver, signed by the defendant and made part of the record. No waiver was obtained here, so we are obliged to reverse and remand for trial by jury or other proceedings consistent with law and this opinion.

In view of our resolution of appellant's second assignment of error, his first assignment is moot, but we will address it briefly nevertheless, because of the apparent confusion concerning some prior rulings by this court. Appellant contends that the trial court should have granted his motion to set aside his plea. While a motion for a change of plea made after sentence should rarely be granted, a motion made before sentence should almost always be granted. *State v. Peterseim* (1979), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863; *State v. Bekesz* (1991), 75 Ohio App.3d 436, 599 N.E.2d 803; *State v. Eklich* (June 29, 1994), Medina App. No. CA–2279M, unreported, 1994 WL 286279 ("Generally, a motion filed prior to sentencing will be freely allowed.").

However, most cases apply an "abuse of discretion" standard to the decision of the trial judge in granting or denying the motion. *Peterseim, supra.* Thus, the myriad pronouncements of the appellate courts that these motions should be "liberally and freely" granted lose some meaning, if the standard is "abuse of discretion" with no guidelines whatever. We have endeavored, mainly in vain, to discover many cases considering this anomaly. A prior case from this court states that under *State v. Peterseim*, "motions to withdraw a guilty plea filed before sentencing should be freely granted. Where, as here, there is no evidence of prejudice to the prosecution, the court abuses its discretion in failing to grant a motion to withdraw a guilty plea filed before sentencing." *State v. Davis* (Nov. 4, 1987), Hamilton App. No. C–860638, unreported. This court thus determined

that at least one standard is lack of prejudice to the prosecution, which could be manifest. For example, a no-contest plea on the day of trial might result in witnesses not only being inconvenienced, but perhaps unavailable for a subsequent setting; many other situations could be envisioned where the prosecution of the case might be much more difficult, especially after the passage of time.

The state has cited numerous cases from this district that adhere to the "abuse of discretion" standard, and contends that the "lack of prejudice" doctrine in *Davis* is in error. Of course, appellant relies on *Davis* for the proposition that lack of prejudice to the prosecution is alone sufficient to *require* the granting of a motion to withdraw a plea made before sentence is passed. We believe that the lack of prejudice is simply one factor, albeit an extremely important factor, in the analysis of whether such a motion should be granted, and our decision in *Davis* should not be read to the contrary.

■ There are numerous additional factors which should be weighed in considering a motion to set aside a plea, which motion is made before sentencing, some of which are set out in *Peterseim,* as follows: (1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, and (4) whether the trial court gave full and fair consideration to the motion. We would also add: (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal (see *State v. Mathis* [May 30, 1990], Hamilton App. No. C–890286, unreported), (7) whether the accused understood the nature of the charges and possible penalties, and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges (see *State v. Cloud* [1993], 91 Ohio App.3d 366, 632 N.E.2d 932). Obviously, the list is not exhaustive, and other factors will appear to trial and appellant courts depending upon the merits of each individual case.

Because we have sustained the second assignment of error, requiring the vacation of the no-contest plea in any event, we will not speculate on the trial court's ruling on the motion in this case.

Based upon our disposition of the second assignment of error, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law.

*Judgment reversed*
*and cause remanded.*

MARIANNA BROWN BETTMAN, P.J., and SUNDERMANN, J., concur.