Jason Lee Rednour was found guilty of two counts of burglary, of theft, and of receiving stolen property following a jury trial. The trial court imposed sentence and Rednour appealed.
The facts giving rise to the charged offenses are undisputed. On the morning of July 9, 1997, the Lee house on Turnbull Road in Beavercreek was ransacked while the Lees' teenage son slept inside. The Lees reported jewelry missing from the home. They also discovered that an orange Syracuse baseball jersey was missing from the laundry room and found two shirts in that room that did not belong to anyone in the household. One of those shirts was marked with the name "Jason." Later that day, a car was stolen from a nearby grocery store. The car belonged to a store employee, and another employee observed an unidentified man wearing an orange baseball jersey sitting in the car around the time that it was stolen.
On July 10, 1997, the Wonderly home, located in the same area as the Lee home and the grocery store, was burglarized. The Wonderlys returned to their home in the afternoon to find the car that had been stolen from the grocery store in their driveway. Upon further inspection, they discovered that someone had entered the house through the basement, and they found Rednour sleeping in a bedroom of the house. He was wearing an orange Syracuse baseball jersey. The Wonderlys called the police, who awakened and arrested Rednour. The Wonderlys discovered two knives in the bedroom that did not belong to them. The police found jewelry belonging to the owners of both homes in Rednour's possession and additional items belonging to the Lees in the car. The police also found the car owner's checkbook in the car with several checks made out to unknown individuals and forged with the owner's name. The car had been "hot wired."
Rednour was charged with burglary, theft, aggravated burglary, and two counts of receiving stolen property. Rednour pled not guilty at his arraignment, and he remained in jail awaiting trial. The trial was originally scheduled for September 10, 1997, but it was continued at Rednour's request until November 12, 1997. In September, Rednour's attorney withdrew, and a new one was appointed. Subsequently, Rednour filed numerous motions, including a motion for an evaluation of his competency, and requested another continuance of the trial date. A competency evaluation was ordered and the parties agreed to stipulate to the report. After the evaluation was filed, Rednour was granted an additional two week continuance to consult with the doctor about the competency report. The issue of Rednour's competency was submitted to the trial court on December 18, 1997, and the trial was scheduled for January 12, 1998. On January 6, 1998, Rednour filed a Motion for Evaluation of Mental State at the time of the offenses. The trial court overruled the motion because no insanity plea had been entered. On January 9, the Friday before the scheduled trial date, Rednour filed a not guilty by reason of insanity plea without leave of court. On January 12, Rednour filed a memorandum in support of his plea and requested leave to file the plea. The state opposed Rednour's plea of not guilty by reason of insanity. The trial court denied Rednour's request to enter a not guilty by reason of insanity plea, and the trial proceeded on that day. Rednour was found guilty as discussedsupra. He was sentenced to seven years for each of the burglaries, twelve months for theft, and eight months for receiving stolen property.
Rednour raises three assignments of error on appeal.
 I. DEFENDANT HAVING BEEN INCARCERATED IN LIEU OF BOND FOR 196 DAYS AWAITING TRIAL, AND THE RECORD INDICATING THAT ONLY 93 OF THOSE DAYS WERE "CHARGEABLE" TO DEFENDANT, OHIO REVISED CODE SECTION 2945.71 REQUIRED HAT [SIC] THE COURT SUSTAIN DEFENDANT'S MOTION FOR DISCHARGED [SIC] AS A CONSEQUENCE OF VIOLATION OF HIS STATUTORY RIGHT TO SPEEDY TRIAL.
Rednour contends that the trial court erred in denying his motion to be discharged because his right to a speedy trial had been violated.
As the state points out, a motion for discharge must be filed prior to the commencement of trial or any violation of the defendant's speedy trial rights is waived. See R.C. 2945.73(B);State v. Trummer (1996), 114 Ohio App.3d 456, 470-471. Rednour did not move for discharge until the close of the state's case. In addition to this deficiency, however, Rednour has failed to show that his right to a speedy trial was, in fact, violated.
Rednour was incarcerated from the date of his arrest, July 10, 1997, until the date of trial, January 12, 1998. Because Rednour remained in jail awaiting trial, the state was required to bring him to trial within ninety days. R.C. 2945.71(C)(2) and (E). The time within which an accused must be brought to trial may be extended by any period during which the accused is mentally incompetent to stand trial or during which his competence to stand trial is being determined, R.C. 2945.72(B), any period of delay necessitated by the accused's lack of counsel, R.C. 2945.72(C), and the periods of any continuance granted on the accused's own motion and of any reasonable continuance granted other than upon the accused's own motion, R.C. 2945.72(H).
Rednour argues, inconsistently, that he was incarcerated for either one hundred eighty-six or one hundred ninety-six days prior to trial and that either seventy-six or ninety-three of those days were chargeable to the defense. He therefore concludes that more than ninety days were chargeable to the state. This assertion is not supported by the record. First, we note that only one hundred eighty-six days passed between Rednour's arrest and his trial. During this period, Rednour filed several motions which tolled the speedy trial time. On September 9, 1997, in response to a defense motion for a continuance, the trial court continued Rednour's trial from September 10 until November 12, 1997. In late September, Rednour filed another motion to continue the trial from November 12 until December 1, 1997. This time was chargeable to Rednour. On October 13, 1997, Rednour filed numerous motions including a motion for an evaluation of his competency to stand trial. The competency evaluation was apparently completed sometime in mid-November, but Rednour expressed concern to the court about several aspects of the report. As a result, and apparently at Rednour's request, the trial court continued the trial from December 1 until December 15 to permit Rednour's counsel to consult with the doctor who had prepared the report. On December 18, 1997, upon defense counsel's representation that he had nothing further to offer on the competency issue, the matter was deemed submitted to the trial court. It is unclear when the trial court ruled that Rednour was competent to stand trial. Meanwhile, on December 9, the state had moved to continue the trial from December 15 until the next available date due to the unavailability of witnesses for the December 15 trial date; this motion was for a "reasonable continuance other than upon the accused's own motion" that also tolled the speedy trial time pursuant to R.C. 2945.72(H).
Based upon the facts set forth above, it is clear that the period from September 9 until January 12, 1998, the date of trial — a total of one hundred twenty-five days — was tolled for speedy trial purposes. As such, Rednour was brought to trial within the time required by R.C. 2945.71(C)(2) and (E), i.e. sixty-one days (186-125=61), and he was not denied his right to a speedy trial.
The first assignment of error is overruled.
 II. THE TRIAL COURT'S REFUSAL TO ALLOW DEFENDANT-APPELLANT LEAVE TO FILE HIS "NOT GUILTY BY REASON OF INSANITY PLEA" WAS BOTH CONTRARY TO [CRIM.R.] 11(H) AND, THEREFORE, AN ABUSE OF DISCRETION WHICH DENIED DEFENDANT HIS FUNDAMENTAL RIGHT TO DUE PROCESS OF LAW. SUCH STATUTORY AND DUE PROCESS VIOLATION REQUIRES DEFENDANT'S CONVICTION BE REVERSED.
Rednour claims that the trial court erred in refusing to allow him to enter a plea of not guilty by reason of insanity on the eve of trial because his bizarre behavior in the commission of the offenses and a suggestion by a substance abuse expert that he may have suffered from a long-term mental disability supported such a plea.
Crim.R. 11(H) provides that the defense of not guilty by reason of insanity must be pleaded at the time of arraignment, except that the court, for good cause shown, shall permit such a plea to be entered at any time before trial. A person is not guilty of an offense by reason of insanity only if he proves that, at the time of the commission of the offense, he did not know, as a result of severe mental disease or defect, the wrongfulness of his acts. R.C. 2901.01(A)(14). Proof that a person's reason at the time of the commission of an offense was so impaired that the person did not have the ability to refrain from doing the act or acts does not constitute a defense. R.C.2945.391.
Rednour's memorandum in support of entering a not guilty by reason of insanity plea provided no explanation for the late entering of that plea and relied upon case law supporting the liberal allowance of the withdrawal of guilty or no contest pleas prior to sentencing pursuant to Crim.R. 32.1. See,e.g., State v. Fish (1995), 104 Ohio App.3d 236; State v.Eklich (June 29, 1994), Medina App. No. 2279-M, unreported. Rednour cited no authority in support of entering a plea of not guilty by reason of insanity on the eve of trial. Rednour also made no attempt to show good cause for his late request and relied instead on his bare assertion that "the inconvenience to court and prosecution is slight." This assertion is insufficient to show good cause and is not supported by the record. By the time that Rednour's motion was filed, it had been six months since his arrest and his trial had been rescheduled three times. Allowing Rednour to enter a plea of not guilty by reason of insanity would have necessitated further delay. Moreover, and more important, Rednour did not provide even a minimal basis from which the trial court could have concluded that the insanity defense would be supported by evidence or by any psychological evaluation. When Rednour finally requested an evaluation of his mental state at the time of the alleged offenses on January 6, 1998, the bases alleged in support of such an evaluation were suggestions of "characterological di[s]function" and "sporadic genuine memory impairment due to intoxication" in the competency evaluation. Rednour also suggested to the court that the motion to enter a not guilty by reason of insanity plea should be granted because of his repeated attempts to commit suicide while in custody. As the trial court noted, the alleged attempts to commit suicide had not been shown in any way to be connected to Rednour's mental state at the time of the offenses. Moreover, no evidence was presented that the alleged "characterological di[s]function" or memory impairment prevented Rednour from understanding the wrongfulness of his conduct. Under these circumstances, the trial court acted well within its discretion in denying Rednour's last minute attempt to enter a not guilty by reason of insanity plea.
On appeal, Rednour additionally relies on counsel's consultation with a "specialist in alcoholism" and the specialist's voir dire testimony about a possible mental disability as a result of alcoholism and drug abuse in support of his motion. We note that the testimony of this substance abuse counselor was elicited during trial and was thus not before the trial court at the time it ruled on the motion to enter a not guilty by reason of insanity plea and that, like the other evidence discussed supra, this witnesses' opinions did not touch on the issue central to an insanity determination: the ability to appreciate the wrongfulness of one's conduct. Moreover, the brief itself states that counsel became aware of this expert's opinions a few weeks before trial without explaining why the not guilty by reason of insanity plea was only filed on the last working day before trial.
Because Rednour had shown no reasonable basis for an insanity plea and had not shown just cause for the late filing of his not guilty by reason of insanity plea, the trial court did not abuse its discretion in denying the motion.
The second assignment of error is overruled.
 III. DEFENSE COUNSEL'S DELAY UNTIL THE DAY BEFORE TRIAL TO FILE HIS MOTION FOR LEAVE TO ENTER A PLEA OF NOT GUILTY BY REASON OF INSANITY WAS SUCH LAPSE OF COMPETENCE AS TO VIRTUALLY DENY DEFENDANT-APPELLANT ANY EFFECTIVE ASSISTANCE OF COUNSEL, REQUIRING REVERSAL OF HIS CONVICTION.
Rednour contends that his bizarre behavior during the commission of the offenses was "patently suggestive of some significant lack of mental capacity" and that counsel was ineffective in failing to have Rednour plead not guilty by reason of insanity before the eve of trial.
As we discussed under the second assignment of error, Rednour has at no time alleged that he was unable to understand the wrongfulness of his conduct at the time of the alleged offenses. Such a showing is required in order to establish an insanity defense, and the existence of other mental impairments or substance abuse problems, no matter how numerous or well documented, is irrelevant to the issue of insanity.
In order to demonstrate the ineffective assistance of counsel, Rednour is required to show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus. Because Rednour has failed to show any reasonable probability that an insanity defense would have succeeded, he has not demonstrated prejudice from the late filing of the not guilty by reason of insanity plea and thus, has not demonstrated the ineffective assistance of counsel.
The third assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Robert K. Hendrix J. Allen Wilmes Hon. Thomas M. Rose