On October 3, 1997, defendant-appellant, Deborah Rose Benson, appeared with her counsel before a Clermont County Court of Common Pleas and pled guilty to three counts of forgery, fourth degree felonies in violation of R.C. 2913.31(A)(1). The trial court scheduled appellant's sentencing hearing, but prior to the hearing, appellant filed a pro se motion to vacate her plea. The trial court denied the motion. On appeal, appellant contends that the trial court erred by refusing to allow her to withdraw her guilty plea, and that she was prejudiced by ineffective assistance of counsel. We find appellant's contentions to be without merit.
On or about January 21, 1994, appellant forged an endorsement on two different counterfeit British Airways checks and cashed them at a Biggs Hyper Market in Cincinnati. Appellant repeated this same act the following day with yet a third check. Appellant was positively identified by eyewitnesses to the forgeries. On February 5, 1997, appellant was indicted on three counts of forgery and one count of theft. Appellant was appointed counsel and on September 10, 1997 she filed a motion for dismissal of counsel and appointment of new counsel. The trial court appointed appellant new counsel, but on September 26, 1997 that counsel filed a motion to be released as counsel. Just a few days later, on September 30, 1997, counsel filed a motion to dismiss. Both matters were set for hearing on October 3, 1997.
On October 3, 1997, counsel for appellant appeared before the trial court stating that he had been placed in a difficult position by appellant. Specifically, counsel alleged that appellant had requested that he file a number of motions which he believed to be without merit, and that relations between he and his client were contentious, at best. Nevertheless, noting that the case was set for a three-day jury trial the following Monday, the trial court refused to allow counsel to withdraw representation. The trial court then considered and rejected the motion to dismiss.
Following denial of her motion to dismiss, appellant entered guilty pleas on the three counts of forgery. In exchange for her guilty pleas, the prosecution dropped the theft charge. The record reflects that the court conducted a thorough examination of appellant pursuant to Crim.R. 11. During that colloquy, appellant indicated that she understood the nature of the offenses to which she was pleading, she understood the potential penalties for each offense, and that she understood that by entering a plea she was waiving her right to a jury trial and right to confront and cross-examine witnesses. The court continued as follows:
 THE COURT: Other than those things and that representation, did anyone make any promises to you or threaten you in any way to get you to plead guilty here this morning?
DEFENDANT: No.
* * *
 THE COURT: It is your desire, Ms. Benson, to withdraw your pleas of not guilty and enter pleas of guilty to these charges as you and I have just talked about.
DEFENDANT: Is it my desire?
THE COURT: Yes.
DEFENDANT: Yes.
* * *
 THE COURT: You're doing that of your own free will?
DEFENDANT: Yes.
Whereupon the trial court found the pleas to be "knowingly, voluntarily, and intelligently entered" and found appellant guilty of the charges. The sentencing hearing was scheduled for October 31, 1997.
However, prior to sentencing, appellant filed a pro se motion to vacate her plea. Specifically, appellant alleged that she had "entered into plea under duress and intimidation, and without proper time, consideration, and proper counsel." At a hearing, counsel for appellant stated that he had not authored the motion and that he had advised his client that such motion was not in her best interest. Nevertheless, appellant presented testimony that she was "tired that day" and that "there was an intimidation factor there because the trial was to start in two days." Further, appellant contended that she did not "feel as though I was properly counseled" and that her counsel "acted more on behalf of the prosecutor's behalf than mine." In response to questioning by the trial court, appellant stated that she "felt pressured to enter that plea."
At the conclusion of the hearing, the trial court stated:
 I don't believe I have heard anything here this morning that would be good cause in my mind to set this plea aside. I also note frankly and recall * * * [t]he State of Ohio had witnesses coming from Columbus, Ohio, from out of state, I believe, from Detroit, from Washington D.C., which travel arrangements were made and were cancelled as a result of this plea. There are a number of hardships I think that may be imposed on the State to get this back to the point of being ready for trial. * * * I also note for the record, Ms. Benson, that you have been filing motions on your own behalf, firing lawyers, vacating trial dates and doing a number of things which have delayed this matter for quite some period of time, and I think this is just one more step along the way that you're attempting to manipulate the Court, and I'm not going to allow it.
The trial court then sentenced appellant to three eighteen-month terms, one for each count of forgery, to be served concurrently. However, all actual time to be served was suspended and the trial court placed appellant on probation for three years and ordered her to pay restitution.
Appellant has appealed raising two assignments of error. In her first assignment of error, appellant contends:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING HER MOTION TO VACATE PLEA.
Crim.R. 32.1 states that:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; * * *.
In the instant matter, appellant moved to withdraw her guilty plea prior to sentencing. The Supreme Court of Ohio has stated that a "presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521,527. However, a defendant "does not have an absolute right to withdraw a plea prior to sentencing." Id. Rather, a court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea" prior to sentencing. Id. The decision whether to grant or deny a motion to withdraw a guilty plea is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. Id., paragraph two of the syllabus. "For us to find an abuse of discretion in this case, we must find more than an error in judgment. We must find that the trial court's ruling was 'unreasonable, arbitrary or unconscionable.' " Id. at 527, citing State v. Adams (1980),62 Ohio St.2d 151, 157. Additionally, we note that Ohio case law has established that the credibility and weight of the movant's assertions are matters that lie within the trial court's exercise of discretion. State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus.
In determining whether to grant a motion for the withdrawal of a plea prior to sentencing, there are a number of factors for a trial court to consider: the amount of prejudice to the prosecution; the representation afforded the accused by counsel; the extent of the hearing conducted pursuant to Crim.R. 11; the extent of the hearing on the accused's motion to withdraw the plea; the amount of consideration given to the motion by the trial court; the timing of the motion, the reasons given for the withdrawal; the defendant's understanding of the charges and possible penalties; and the existence of a meritorious defense. State v. Fish (1995), 104 Ohio App.3d 236,240; State v. Sturgill (Feb. 8, 1999), Butler App. No. CA98-04-069, unreported, at 2-3.
The record in the instant matter reflects that the trial court conducted a thorough Crim.R. 11 examination of appellant, confirming that she was neither threatened nor coerced into entering a plea and reviewing exactly what rights she was waiving by entering her plea. Accordingly, the record reflects that the plea was made in a knowing, voluntary and intelligent manner.
The record further reflects that, at the hearing on the motion, the trial court gave proper consideration to appellant's reasons for wanting to withdraw her plea and concluded, that in light of the previous hearing, her reasons were neither reasonable nor legitimate. The trial court also considered the potential prejudice to the prosecution of restoring a trial date, and found that the potential prejudice was great enough to warrant a denial of appellant's motion. Finally, the trial court properly considered the motives and credibility of appellant's motion and noted what it perceived to be manipulation of the judicial process. In spite of this perception, however, the trial court still suspended all of the jail time to which appellant was sentenced and ordered restitution and probation only.
Given the foregoing, we find it disingenuous for appellant to allege that she was prejudiced by the trial court's denial of her motion to withdraw her plea, and, upon review, we cannot say that the trial court abused its discretion in denying appellant's motion. Accordingly, appellant's first assignment of error is overruled.
In her second assignment of error, appellant contends:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE APPOINTMENT OF COUNSEL.
Appellant attacks her counsel's performance as deficient because he indicated to the court that he did not, in good faith, believe that her motion to vacate her plea was in her best interest. Furthermore, appellant contends that her counsel failed to vigorously advocate her position.
In order to establish a claim for ineffective assistance of counsel, a defendant must demonstrate (1) that trial counsel's performance fell below an objective standard of reasonable professional competence and (2) if so, that there is a reasonable probability that counsel's unprofessional errors resulted in a prejudice being worked upon the defendant.Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064. We note that "judicial scrutiny of counsel's performance is to be highly deferential: 'to justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that under the circumstances, the challenged action might be considered sound trial strategy.' "State v. Gibson (Feb. 16, 1999), Butler App. No. CA98-02-028, unreported, at 5, quoting State v. Carter (1995), 72 Ohio St.3d 545,558-59. Furthermore, prejudice will be found only if the defendant proves that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceedings against the defendant would have been different. The probability of a different outcome must be sufficient to undermine the confidence in the outcome of the case. State v.Bradley (1989), 42 Ohio St.3d 136, 142.
Any question which arises regarding the effectiveness of counsel must be viewed in light of all of the evidence against the defendant and with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. We reiterate that it is not our role to second guess the decisions or actions of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545,558.
In light of the foregoing, we find that even if (1) counsel's expression of his belief that appellant's motion to vacate her plea was not in her best interest, and (2) his less than vigorous advocacy of such position, fell below an objective standard of reasonable competence, appellant has failed to show that such deficiency resulted in prejudice to her at trial. When analyzing an ineffective assistance of counsel claim, an appellate court may assume that counsel's conduct was deficient and yet still dispose of the claim if the claimant has failed to show sufficient prejudice. See State v. Loza (1994), 71 Ohio St.3d 61,83. Such is the case in the matter before us now. Appellant has not put forth any evidence illustrating that but for the actions of her counsel, she would have suffered less prejudice. In fact, upon review of the actual sentence imposed upon appellant, we are hard pressed to see how this matter could have been resolved any more favorably to appellant. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.