While I agree with the above opinion, there are even more reasons why the motion should have been granted.
Miller and his girlfriend testified that his prior attorney specifically told him that he could withdraw his plea at any time before sentencing. (The affidavit from the attorney, which we cannot consider, verifies their assertion. I agree that, upon the state of this rather convoluted procedural posture, we cannot consider the affidavit — though a post-conviction motion would surely be forthcoming, and we would consider it then).
I believe the evidence at the hearing was sufficient to show that Miller reasonably believed that the plea could be withdrawn. This fact standing alone is sufficient to allow Miller to withdraw his plea. We must always keep in mind that motions to withdraw a plea before sentence should be freely and liberally granted.
There are numerous factors an appellate court should consider when determining whether a trial court abused its discretion in failing to allow a plea withdrawal: 1) whether a withdrawal will result in prejudice to the prosecution; 2) the representation afforded to the defendant by counsel; 3) the extent of the hearing conducted under Crim. R. 11; 4) the extent of the hearing on the motion to withdraw; 5) the amount of consideration given to the motion by the court; 6) the timing of the motion; 7) the reasons given for the withdrawal; 8) the defendant's understanding of the charges and penalties; and 9) the existence of a meritorious defense.[12]
Most of the factors here — no prejudice to the prosecution (then), a possible defense, lack of understanding by the defendant, questionable representation — auger in favor of granting the motion.
[12] See State v. Fish (1995), 104 Ohio App.3d 236,661 N.E.2d 788.