OPINION
Defendant-appellant David Edman appeals the September 26, 2001 Judgment Entry of the Licking County Municipal Court which found appellant guilty of one count of criminal mischief and one count of criminal trespass, and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 31, 2001, Officer Daniel Toomey of the Utica Police Department filed two complaints against appellant in the Utica Mayor's Court. The complaints charged appellant with one count of criminal mischief, in violation of Section 451.04(A-1) of the Codified Ordinance of the Village of Utica, a misdemeanor of the third degree; and one count of criminal trespass, in violation of Section 451.05(A-1) of the Codified Ordinance of the Village of Utica, a misdemeanor of the fourth degree. Documents from the Mayor's Court indicate appellant plead not guilty to the offenses and requested a transfer of the case "pursuant to a jury demand." In a Judgment Entry dated August 20, 2001, the magistrate from the Utica Mayor's Court indicated the case was transferred to the Licking County Municipal Court because defendant had demanded a trial by jury. There is no indication in the record appellant filed a written jury demand.
In an August 28, 2001 Order, the Licking County Municipal Court set a trial to the court to commence September 26, 2001. Appellant made no objection to the notice of assignment for a bench trial.
On September 26, 2001, the matter proceeded to a bench trial before the Honorable Thomas Marcelain. Appellant appeared without counsel and made no objection to the matter proceeding as a bench trial.
After hearing all the evidence, the trial court found appellant guilty of both charges. In a September 26, 2001 Judgment Entry, the trial court sentenced appellant to a suspended jail sentence of thirty days on each count and $100 fine, plus court costs. Additionally, the trial court placed appellant on probation for a period of one year. It is from this judgment entry appellant prosecutes his appeal, assigning the following error for our review:
 THE TRIAL COURT DENIED APPELLANT HIS RIGHT TO A JURY TRIAL.
 I
In appellant's sole assignment of error, he maintains the trial court erred in denying appellant a jury trial. We disagree.
Ohio law provides for a jury trial in petty offenses where a defendant demands a jury in accordance with Crim.R. 23(A). The rules states, in relevant part:
 (A) * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.
Where the charge involved is a "petty offense," one with a penalty of six months' incarceration or less, a defendant must file a written jury demand to avoid waiver.[1]
We find appellant failed to comply with Crim.R. 23(A). The rule, as set forth above, requires a defendant to demand a jury trial. The rule specifically states the demand must be in writing and filed with the clerk of court. We acknowledge there is record evidence appellant had made some sort of a demand for a jury trial in the Mayor's court. This demand was reflected in a judgment entry and paperwork from the Mayor's court. However, appellant failed to make a written demand, and failed to file such written demand with the clerk either of the municipal court or the Mayor's court. Accordingly, we find appellant's failure to demand a jury trial as provided in Crim.R. 23(A) constitutes a waiver of the right thereto.[2]
Appellant's sole assignment of error is overruled.
The September 26, 2001 Judgment Entry of the Licking County Municipal Court is affirmed.
By: HOFFMAN, P.J., FARMER, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.
[1] State v. Fish (1995) 104 Ohio App.3d 236, dismissed, appeal not allowed 74 Ohio St.3d 1443.
[2] Crim.R. 23(A).