DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Bryan Municipal Court denying appellant Donald R. Moormann's motion to withdraw his guilty plea. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} On September 4, 2001, appellant was charged with domestic violence, in violation of R.C. 2919.25(A). Appellant, represented by counsel, entered a not guilty plea on September 19, 2001. Following several pretrials, a trial date was set for February 5, 2002.
 {¶ 3} On February 4, 2002, appellant withdrew his not guilty plea and entered a plea of guilty to domestic violence. The matter was set for sentencing on March 4, 2002. On said date, prior to sentencing, appellant requested new counsel, and on March 5, 2002, appellant's counsel formally withdrew as counsel of record.
 {¶ 4} On March 11, 2002, through new counsel, appellant filed a motion to withdraw his guilty plea. In his motion, appellant argued that his prior attorney misrepresented the nature of his case and, thus, his plea had not been knowing and voluntary.
 {¶ 5} A hearing was held on the motion on March 26, 2002, during which appellant expressed the following:
 {¶ 6} "Q: * * *. Do you know what you pled guilty to?
 {¶ 7} "A: Not really, sir.
 {¶ 8} "Q: Okay, you know that you were charged with a domestic violence and a disorderly conduct.
 {¶ 9} "A: Yes, sir, that's the reason why I hired him to defend me on that because I was not guilty but he told he, the way he made this plea bargain, it kind of — it just didn't, it just all happened too quick. We got in the courtroom and then he changed what he had told me and then it was like it was all over with, so I just felt very fairly unrep — un — with no counseling, I felt like — felt like I was left alone there."
 {¶ 10} Appellant further claimed that he was not guilty of domestic violence and that he had a defense to the charge.
 {¶ 11} When questioned by the trial court as to why appellant had not promptly informed his counsel regarding his unhappiness, appellant stated:
 {¶ 12} "A: I have brought it, I brought it to his attention. Mr. Shaffer talked to me like, like very badly. I mean, he had no, there was no lawyer/client situation there at all. He disrespected me in front of all kinds of people in the hallway, you know, and it just, it made me feel really bad, like I should just put my head between my legs, you know, and just give up and that's why I, you know, I just, it just wasn't right. * * *."
 {¶ 13} Finally, the court questioned the state regarding the availability of witnesses if the judge were to grant the motion. The state indicated that the witnesses could be re-subpoenaed.
 {¶ 14} Immediately following the hearing, the court denied appellant's motion noting that appellant had six months to express his dissatisfaction with counsel and had not. This appeal followed.
 {¶ 15} Appellant raises the following assignment of error:
 {¶ 16} "The trial court erred in failing to grant the Defendant/Appellant his motion to withdraw his plea of guilty filed prior to the sentencing hearing pursuant to Criminal Rule 32.1"
 {¶ 17} Crim.R. 32.1 provides:
 {¶ 18} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 19} Generally, motions to withdraw guilty pleas are to be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521,526. However, the Xie court indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Id. at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. Further, the Xie court held that "the decision to grant or deny a presentence motion to withdraw a guilty plea is within the discretion of the trial court." Id. at paragraph two of the syllabus. Thus, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." Id. at 527.
 {¶ 20} In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in State v. Fish (1995), 104 Ohio App.3d 236, set forth a non-exhaustive list of factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. Id. at 240.
 {¶ 21} Applying the Fish factors to the present case, we conclude that there is no evidence that the state would be unfairly prejudiced by a grant of the motion; appellant and his former counsel did not have a functional attorney/client relationship; appellant clearly articulated his dissatisfaction with his former counsel; appellant expressed confusion over the nature of the charge and the possible penalties; and appellant believed he had a complete defense to the domestic violence charge.
 {¶ 22} Based on the foregoing, we conclude that appellant had a reasonable and legitimate basis for withdrawing his plea. Xie, supra. Accordingly, we find that appellant's assignment of error is well-taken.
 {¶ 23} On consideration whereof, we find that appellant was prejudiced or prevented from having a fair trial and the judgment of the Bryan Municipal Court is reversed. The matter is remanded to said court to permit appellant to withdraw his guilty plea. Costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.