[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Grant O'Neal appeals his conviction for domestic violence, a violation of R.C. 2919.25 and a first-degree misdemeanor. After a bench trial, the trial court had found O'Neal guilty and sentenced him to one year of probation and suspended ninety days of local jail time.
 {¶ 3} On appeal, O'Neal assigns three errors: (1) that the trial court erred by proceeding with a bench trial when O'Neal had not waived his right to a jury trial; (2) that there was insufficient evidence to support a conviction; and (3) the conviction was against the manifest weight of the evidence.
 {¶ 4} O'Neal's first assignment of error is without merit. For petty offenses, the court shall try the case unless the defendant demands a jury trial in writing.[1] A petty offense is any offense for which a person may be incarcerated for six months or less.[2] O'Neal was convicted of a first-degree misdemeanor, which is a petty offense.
 {¶ 5} O'Neal did not demand a jury trial. Because he did not demand a jury trial, he was not required to execute a waiver of his right to a jury trial.[3] We therefore overrule O'Neal's first assignment of error.
 {¶ 6} The standard for reviewing the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, when viewing the evidence in the light most favorable to the prosecution.[4] A review of the manifest weight of the evidence puts the appellate court in the role of the trier of fact.[5] The court must weigh the evidence and consider the credibility of witnesses to determine whether the trier of fact lost its way in finding the defendant guilty. A new trial should be granted on the weight of the evidence only in exceptional cases.[6] And "[n]o judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the case."[7]
 {¶ 7} Alicia Hardy, the victim of O'Neal's abuse, testified at trial that O'Neal had hit her "four times in the head" with a space heater during an argument. She also said that O'Neal had thrown a cordless telephone at her, which had grazed her cheek and ear. Hardy asserted that her injuries had resulted in a bad headache, difficulty in sleeping, and a bump on her head. She claimed that she had gone to a doctor who prescribed Ibuprofen, but she had no medical records from the visit.
 {¶ 8} R.C. 2919.25(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." O'Neal only argues that the evidence did not establish that he had harmed or attempted to harm Hardy. But, with the evidence viewed in the light most favorable to the prosecution, Hardy's testimony did establish all the elements of the crime beyond a reasonable doubt. We cannot say that the evidence was insufficient to establish O'Neal's guilt.
 {¶ 9} Similarly, we cannot say that the trial court lost its way in finding O'Neal guilty. The evidence in the case consisted only of the testimony of Hardy and O'Neal. We have weighed the evidence in this case and conclude that the trial court was correct in its judgment.
 {¶ 10} Accordingly, the judgment of the trial court is affirmed.
 {¶ 11} Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[1] Crim.R. 23(A).
[2] Crim.R. 2.
[3] State v. Fish (1995), 104 Ohio App.3d 236, 661 N.E.2d 788.
[4] State v. Hughbanks, 99 Ohio St.3d 365, 2003-Ohio-4121,792 N.E.2d 1081, citing State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492.
[5] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
[6] Id., citing State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
[7] Section 3(B)(3), Article IV, Ohio Constitution.