DECISION. *Page 2 
{¶ 1} In December 2000, defendant-appellant Harold Couch pleaded guilty to one count of aggravated robbery and one count of felonious assault. The court accepted his plea and found Couch guilty. In return for his guilty plea, the state dismissed the remaining charges. The court released Couch on a personal-recognizance bond and set sentencing for February 2001.
 {¶ 2} But before his sentencing, Couch was arrested and convicted in Illinois for possession of a stolen vehicle. Because Couch was incarcerated in Illinois, he was unable to attend his sentencing hearing. During his incarceration, Couch found time to draft on his own several handwritten motions to withdraw his guilty plea in the Hamilton County Common Pleas Court. The court denied his motions. Five years later, Couch was extradited to Hamilton County for sentencing, and through counsel, he moved to withdraw his guilty plea again. His motion was again denied.
 {¶ 3} The court sentenced Couch to the maximum terms of incarceration-eight years for felonious assault, and ten years for aggravated robbery, to run concurrently. Couch now appeals. His assignments charge that the trial court erred (1) in failing to grant his motions to withdraw his guilty plea, (2) in not crediting the time spent incarcerated in Illinois for stealing a car against his concurrent eight-and ten-year sentences, and (3) in imposing the maximum sentence after he pleaded guilty. Couch's assignments in error are meritless, and we affirm the trial court's judgment.
 {¶ 4} The first motion filed by Couch was captioned as a motion for concurrent sentences and was filed in February 2002. In that motion, Couch *Page 3 
requested that the common pleas court sentence him "in abstentia [sic], and that the sentence be ran [sic] concurrent with a `seven-year' term of imprisonment that he is serving in the Illinois Dept. of Corrections, for `unlawful possession of a stolen motor vehicle.'" In the alternative, Couch requested that the court rule on a previous motion to withdraw his guilty plea that is not a part of the record. The court denied his motion.
 I. The Motions to Withdraw {¶ 5} Couch moved to withdraw his plea on four separate occasions, February 2002, July 2002, January 2005, and February 2006. Each motion was denied by the trial court.
 {¶ 6} A trial court's decision denying a motion to withdraw a guilty plea before sentencing will not be disturbed absent an abuse of discretion.[1] Usually a motion to withdraw a guilty plea before sentencing is freely granted. But this case is not ordinary. To decide whether Couch's withdrawal motion should have been granted, one important factor to consider is whether granting the withdrawal motion would have prejudiced the prosecution. Other factors to consider include the following: (1) whether the accused was represented by competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the motion; (4) whether the trial court gave full and fair consideration to the motion;[2] (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal;[3] (7) whether the accused understood the nature of the charges and possible penalties; *Page 4 
and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges.[4]
 {¶ 7} Upon consideration of these factors, we hold that the trial court did not abuse its discretion in denying Couch's motions to withdraw his guilty plea. We initially note that the same judge who had accepted Couch's 2000 guilty plea sentenced Couch in 2006, and that while he was imprisoned in Illinois, Couch also had pending indictments against him in Kenton County, Kentucky, for two cocaine-related offenses.
 {¶ 8} On appeal, Couch argues that (1) the agreement promised by his counsel in 2000 would not have been kept if the 2006 sentence were carried out; (2) he was in fact innocent of the charges; (3) he was under the influence of medication at the time of the plea; and (4) his counsel forced him to enter the plea.
 {¶ 9} But our review of the record convinces us that the trial court did not abuse its discretion by denying Couch's motions to withdraw his guilty plea. The record is replete with evidence showing that Couch was represented by competent counsel, given a full hearing on the withdrawal motions, given his Crim.R. 11 hearing, was lucid and understood the nature of the charges against him, and that the trial court gave full and fair consideration to the motions. We also note that a considerable length of time had passed between the time Couch was to be sentenced (February 2001) and the filing of his first motion to withdraw the plea (February 2002). And the delay caused by granting Couch's motion would have seriously prejudiced the state in its case against him. Couch's first assignment of error is overruled. *Page 5 
 II. Other Assignments {¶ 10} We likewise overrule Couch's second assignment of error. Couch was not entitled to credit for time served in Illinois for a different offense. To hold otherwise would allow offenders to wreak criminal havoc from jurisdiction to jurisdiction without the deterrent of being subjected to a prison sentence for each crime committed in each jurisdiction. We are convinced that the penalty for Couch's crimes in Ohio was in no way affected by his serving time in Illinois for receiving a stolen car.
 {¶ 11} Finally, Couch's third assignment of error is also meritless. A trial court may impose any sentence within the statutorily authorized range without making findings or giving reasons for imposing maximum, consecutive, or more-than-minimum sentences. The judgment of the trial court is accordingly affirmed.
Judgment affirmed.
HILDEBRANDT, P.J., and WlNKLER, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Fish (1995), 104 Ohio App.3d 236,661 N.E.2d 788.
[2] See id., citing, State v. Peterseim (1979), 68 Ohio App.2d 211,428 N.E.2d 863.
[3] See State v. Mathis (May 30, 1990), 1st Dist. No. C-890286.
[4] See Fish, supra.