[Cite as *State v. Sheaffer*, 2012-Ohio-2020.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 15 |
| JAMES L. SHEAFFER | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No.  11 CR 8


JUDGMENT:                                     Affirmed


DATE OF JUDGMENT ENTRY:        May 4, 2012


APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

STEVE KNOWLING                          DAVID M. HUNTER
PROSECUTING ATTORNEY             244 West Main Street
164 East Jackson Street                  Loudonville, Ohio  44842
Millersburg, Ohio  44654

*Wise, J.*

{¶1}   Appellant James L. Sheaffer appeals from the denial of his pre-sentence motion to withdraw guilty plea, subsequent to said plea on two counts of drug trafficking in the Court of Common Pleas, Holmes County. The relevant facts leading to this appeal are as follows.

{¶2}   In February 2011, appellant was indicted on one count of Trafficking in a Schedule II Drug within the vicinity of a Juvenile (R.C. 2925.03(A)(1)), a felony of the third degree, and one count of Trafficking in a Schedule II Drug (R.C. 2925.03(A)(1)), a felony of the fourth degree.[1] At his arraignment on February 15, 2011, appellant entered a plea of not guilty to both charges and the matter was scheduled for trial on March 14, 2011.

{¶3}   Appellant filed a motion in limine on February 22, 2011 as to the introduction of certain audio-recorded evidence. After a hearing on February 28, 2011, the trial court sustained the motion in limine in part.

{¶4}   On March 3, 2011, appellant, with the assistance of counsel, entered a plea of guilty to both counts in the indictment, and he was found guilty on the record.

{¶5}   The matter was set for sentencing on June 8, 2011. However, appellant failed to appear on that date. The trial court thereupon issued a warrant for appellant's arrest.

{¶6}   Appellant was arrested in July 2011. At his bond hearing, appellant's counsel indicated appellant might withdraw his prior guilty plea. The trial court gave appellant one week to file his motion to withdraw plea, and the trial was scheduled for

---

[1]   Appellant was originally indicted in November 2010, but an indictment was re-filed about three months later under the present trial court case number.

August 22, 2011. A written motion to withdraw guilty plea under Crim.R. 32.1 was filed on July 15, 2011.

{¶7} On July 19, 2011, the trial court, without conducting a hearing, initially granted appellant's motion to withdraw his plea. However, upon a motion for reconsideration filed by the State, the court conducted a hearing on August 3, 2011, following which it reconsidered its earlier decision and denied the motion to withdraw plea.

{¶8} The trial court subsequently sentenced appellant to a prison term of two and one-half years. See Judgment Entry, August 3, 2011.

{¶9} On August 31, 2011, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶10} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY WHEN THE SAME WAS MADE PRIOR TO SENTENCING."

I.

{¶11} In his sole Assignment of Error, appellant contends the trial court erred in denying his pre-sentence motion to withdraw his guilty plea to the two trafficking offenses. We disagree.

{¶12} Unlike the "manifest injustice" standard governing a post-sentence motion, Crim.R. 32.1 has no specific guidelines for granting a presentence motion to withdraw a guilty plea. *State v. Calloway,* Hamilton App.No. C–040066, 2004–Ohio–5613, ¶ 11, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. A presentence motion to withdraw a plea should be freely and liberally granted; however, the decision

is left to the trial court's sound discretion. *Id.,* citing *Xie* at 526. Furthermore, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *Xie, supra.* The court should examine whether the defendant was represented, whether the withdrawal will prejudice the prosecution, the timing of the motion, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a meritorious defense. *State v. Graham,* Holmes App.No. 04–CA–001, 2004–Ohio–2556, ¶ 39, citing *State v. Kimbrough* (March 28, 1988), Stark App. No. CA–7363, and *State v. Fish* (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788.

{¶13} The record in the case sub judice, which includes a transcript of the August 3, 2011 hearing, reveals that appellant argued on three main grounds in support of his Crim.R. 32.1 motion: (1) He had obtained witnesses who would allegedly testify that no juveniles were present at the pertinent transaction; (2) he had "new research and new evidence" to support an entrapment defense; and (3) he alleged that the State might withdraw its sentencing recommendation of two and one-half years in prison.  See Tr., Aug. 3, 2011, at 2.

{¶14} In regard to the latter ground, we note the State insisted that it had not and would not withdraw its joint sentencing recommendation. See Tr., Aug. 3, 2011, at 3. The record also indicates that appellant did not raise the claim of new witnesses and new evidence until July 2011, even though he had originally been indicted in November 2010 and had failed to appear for sentencing in June 2011. A review of the original plea hearing transcript indicates that when appellant was asked by the judge about the element of the presence of children at the charged trafficking incident, appellant stated:

"I don't dispute it, I just don't remember." Tr., March 3, 2011, at 13.  Furthermore, this Court has recognized that " *** the mere insertion of legally cognizable defenses does not impel the trial court to permit withdrawal of the guilty plea." *Kimbrough*, *supra*, citing *U.S. v. McKoy* (D.C.Cir.1981), 645 F.2d 1037, and *U.S. v. Barker* (D.C.Cir.1975), 514 F.2d 208. Accordingly, upon review, we conclude that the trial court did not abuse its discretion in overruling appellant's pre-sentence motion to withdraw his guilty plea.

{¶15}  Appellant's sole Assignment of Error is overruled.

{¶16}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

                                                                JUDGES

JWW/d 423

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES L. SHEAFFER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11 CA 15 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES