[Cite as *State v. Waters*, **2013-Ohio-1229**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| SHAREZ M. WATERS | : | Case No. 2012CA00147 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Case No. 2012CR0323


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     March 28, 2013


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: KATHLEEN O. TATARSKY
110 Central Plaza South
Suite 510
Canton, OH  44702-1413

For Defendant-Appellee

AARON KOVALCHIK
116 Cleveland Avenue, NW
Suite 808
Canton, OH  44702

*Farmer, J.*

{¶1} On March 10, 2012, the Stark County Grand Jury indicted appellant, Sharez Waters, on one count of domestic violence in violation of R.C. 2919.25. Appellant pled guilty on May 9, 2012.

{¶2} On May 25, 2012, appellant filed a Crim.R. 32.1 motion to withdraw his guilty plea, as he acquired funds to pay his retained counsel and now wished to proceed with a jury trial. A hearing was held on June 25, 2012. By judgment entry filed July 2, 2012, the trial court denied the motion. The trial court subsequently sentenced appellant to twelve months in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

I

{¶5} Appellant claims the trial court erred in denying his presentence motion to withdraw his guilty plea. We disagree.

{¶6} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *State v. Smith,* 49 Ohio St.2d 261 (1977). In order to find an

abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

A motion to withdraw a plea of no contest, made prior to the imposition of sentence, should be freely granted in the exercise of the trial court's discretion; one extremely important factor bearing on the exercise of the court's discretion is whether withdrawal will result in prejudice to the prosecution, but there are others to be weighed as well, including (1) the representation afforded to the defendant by counsel; (2) the extent of the hearing conducted pursuant to Crim.R. 11; (3) the extent of the hearing on the motion to withdraw; (4) the amount of consideration given to the motion by the court; (5) the timing of the motion; (6) the reasons given for withdrawal; (7) the defendant's understanding of the charges and penalties; and (8) the existence of a meritorious defense.

*State v. Fish,* 104 Ohio App.3d 236, paragraph two of the syllabus (1st Dist. 1995).

{¶7}   During the hearing, defense counsel stated appellant's reasons for the motion to withdraw and the history behind it (June 28, 2012 T. at 4-5 and 7, respectively):

MR. KOUKOUTAS: Thank you, Your Honor. I was with Mr. Waters when he entered a plea of guilty to the charge against him and applied for probation. I would like to point out to the Court that even on that day he was telling me he wished to proceed to a jury trial. I informed him at the time that he would have to come up with additional funds in order for me to do a jury trial since he did retain me in this matter.

He indicated that he would not be able to have the funds so he decided to enter a plea of guilty to the charge and proceed with a PSI.

Subsequently he contacted my office, indicated to me that he did have the funds to pay for a trial. I, therefore, filed a motion to withdraw his plea on May 25th, 2012.

And we are here today asking the Court to allow him to withdraw his guilty plea based primarily on the fact that he - - he felt he was forced into taking a - - into pleading guilty to the charge, primarily because he did not have the money to pay me to do a jury trial.

He says that he does have the funds for me now. I have yet to see them, but I felt obligated to at least file the motion on his behalf, that way I could protect any rights that he may have. And that's pretty much the basis of the motion, Your Honor.

***

Your Honor, I never, at any point in time, told him he had to take a plea to the charge. I just basically told him, Look, you need to pay me in order to do a trial. If you're - - if you're not going to pay me to do a trial,

then you're going to have to think of something to do here. What do you want to do?

{¶8} The prosecutor reviewed the factors set forth in *Fish,* as cited above, and argued the record established the factors were fulfilled. *Id.* at 8-9. Also, a review of the Crim.R.11 plea hearing transcript indicates appellant was satisfied with his attorney and when asked, offered nothing further to the trial court. May 9, 2012 T. at 4, 7.

{¶9} During the motion to withdraw hearing, the trial court explained if it had been aware of appellant's lack of finances, it would have entertained a motion for the appointment of an attorney at state's expense. June 28, 2012 T. at 6. In summary, the trial court denied appellant's request stating, "[t]aking all that into consideration, the plea, the absence of any discussion with regard to finances, any indication that this was anything but a freely given plea at the time, the Court finds that it is not going to grant the motion to withdraw the guilty plea and is proceeding to sentencing at this time." *Id.* at 12.

{¶10} Upon review, we find the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motion to withdraw his guilty plea.

{¶11} The sole assignment of error is denied.

{¶12} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

JUDGES

SGF/sg 3/14

[Cite as *State v. Waters*, 2013-Ohio-1229.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SHAREZ M. WATERS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012CA00147 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.  Costs to appellant.


_s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

JUDGES