DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a no contest plea, in which the trial court denied appellant's motion to withdraw his plea prior to sentencing, and found appellant guilty of attempted unlawful sexual contact with a minor, a fourth degree felony, in violation of R.C. 2907.04(A)(B)(3), sentenced appellant to serve a prison term of 12 months for the instant offense, and ordered appellant to pay court costs and fees. For the reasons that follow, we reverse the decision of the trial court in part and affirm in part.
 {¶ 2} Appellant, Anthony Hamilton, raises the following three assignments of error on appeal:
 {¶ 3} "First assignment of error
 {¶ 4} "The trial court erred, to the detriment of the defendant-appellant, when it denied the defendant-appellant's motion to withdraw his no contest plea.
 {¶ 5} "Second assignment of error
 {¶ 6} "The trial court erred, to the detriment of the defendant-appellant, when it sentenced the defendant-appellant to consecutive sentences.
 {¶ 7} "Third assignment of error
 {¶ 8} "The trial court erred when it ordered the defendant-appellant to pay unspecified fees and expenses."
 {¶ 9} On May 10, 2001, the Lucas County Grand Jury indicted appellant on one count of unlawful sexual contact with a minor, a third degree felony, in violation of R.C. 2907.04(A) and (B)(3)("case no. 01-1769"). The indictment alleged that, on March 10, 2001, appellant, who was 29 years old, engaged in sexual conduct with a 15 year old female in his home at 222 Eastern, Toledo, Ohio. On August 8, 2001, after numerous delays and continuances, appellant entered a plea of no contest to an amended charge of attempted unlawful sexual contact with a minor, a fourth degree felony.
 {¶ 10} At the plea hearing, the trial court inquired as to whether appellant understood the nature and ramifications of his plea, whether he was under the influence of any medication or illegal drugs, and whether he had been promised anything or threatened in order to induce the plea. The court also explained appellant's limited right to an appeal in the event of a plea, and informed appellant as to the possible sentences he could receive if found guilty.
 {¶ 11} The prosecutor then set forth the factual basis for appellant's plea, after which the trial court accepted the plea and found appellant guilty of attempted unlawful sexual conduct with a minor. The court then referred appellant to the Court Diagnostic and Treatment Center ("CDTC") for an evaluation, and ordered a presentence investigation.
 {¶ 12} On October 16, 2001, at a hearing for which appellant's attorney failed to appear, appellant stated to the trial court that he wanted to withdraw his no contest plea. The case was continued until October 18, 2001, so that appellant's attorney could be present. On that date, appellant's attorney renewed appellant's request to withdraw his plea; however, the trial court again continued the matter because appellant's CDTC evaluation was not completed due to appellant's failure to keep his appointment for the evaluation.
 {¶ 13} On November 13, 2001, a sentencing hearing was held. Before sentencing was imposed, appellant's counsel again renewed the motion to withdraw appellant's no contest plea. A brief discussion between the trial court and defense counsel followed, after which the trial court summarily denied appellant's motion. Appellant's CDTC evaluation, in which psychologist Timothy Wynkoop recommended that appellant be classified as a sexually oriented offender, was then introduced into evidence. At that point, appellant was allowed to make a statement, the relevant portions of which are as follows:
 {¶ 14} "[M]y lawyer is the one wanted to plead no contest. I never wanted to plead no contest. I wanted to take from to trial from the Judge. * * * If I would have had sex with this young female, why didn't she go through the proper procedures and get the right evidence. He only saying her word against mine. When I told my probation officer she brushed it off like it wasn't nothing."
 {¶ 15} After appellant made the above statement, the trial court found that appellant was a sexually oriented offender. The trial court further found, pursuant to R.C. 2929.13(B), that appellant was under community control at the time the offense was committed in this case and, on that basis, a 12 month prison term was warranted pursuant to R.C. 2929.11. The trial court ordered appellant to serve 11 months in prison for violating the terms of community control in case no. 00-1858, in which appellant had been found guilty of forgery, and ordered the 11 month sentence to be served consecutively to the 12 month sentence in case no. 01-1769.
 {¶ 16} On November 16, 2001, the trial court filed a judgment entry in which it sentenced appellant as set forth above in case no. 01-1769 and, in addition, ordered appellant "to pay all prosecution costs and any fees permitted pursuant to R.C. 2929.18.(A)(4)." A timely notice of appeal was filed.
 {¶ 17} In his first assignment of error, appellant asserts that the trial court erred by not holding a hearing before denying the motion to withdraw his no contest plea.
 {¶ 18} Crim.R. 32.1 states:
 {¶ 19} "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 20} Generally, a motion to withdraw a guilty plea before sentencing will be freely and liberally granted. State v. Xie (1992),62 Ohio St.3d 521, 526. See Crim.R. 32.1. However, a defendant does not have an absolute right to withdraw a plea prior to sentencing. Id., at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. Ultimately, the decision to grant or deny a motion to withdraw a plea is within the sound discretion of the trial court. Id., at paragraph two of the syllabus. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} However, without guidelines, the "abuse of discretion" standard loses some of its meaning. State v. Fish (1995),104 Ohio App.3d 236, 239. Accordingly, in addition to considering whether withdrawal of the plea will prejudice the prosecution, the trial court should, at a minimum, consider and weigh the following non-exhaustive list of factors: "(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, and (4) whether the trial court gave full and fair consideration to the motion * * * (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal * * *, (7) whether the accused understood the nature of the charges and possible penalties and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges * * *." Id., at 240 (other citations omitted).
 {¶ 22} At the November 13, 2001 hearing, the following exchange took place between the trial court and defense counsel:
 {¶ 23} "The Court: [Defense counsel], would you like to make a statement on behalf of your client before sentence is imposed?
 {¶ 24} "[Counsel]: Your Honor, the last time we were here, the defense advised the Court that it was his intention to, or his request that he be permitted to withdraw his plea and proceed to trial in this case. I advised the Court that I would discuss the evidence with him, discuss the facts as I know them with him again to see whether or not that would be in his best interest or whether or not he would abide by the plea that was tendered. As of probably 40 minutes ago, it's still his request that the Court let him withdraw his plea prior to sentencing, and proceed to trial on the original charge of unlawful — having sexual contact with a minor.
 {¶ 25} "[The Court]: That motion will be denied. * * *."
 {¶ 26} Upon consideration of the foregoing, we find that the record contains no evidence that the trial court held a hearing as prescribed by Xie, supra, or otherwise considered any of the factors listed above before summarily denying appellant's request to withdraw his no contest plea. Accordingly, we are compelled to find that the trial court abused its discretion by not holding a hearing and, thereafter, articulating the basis upon which appellant's request to withdraw his plea was denied. Appellant's first assignment of error is well-taken.
 {¶ 27} Appellant asserts in his second assignment of error that the trial court erred by sentencing him to serve consecutive sentences without first making the requisite findings pursuant to R.C. 2929.14(E).
 {¶ 28} R.C. 2929.14(E)(4) provides that, before imposing consecutive sentences, the trial court must make a finding that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In addition, the court must make at least one of the following findings:
 {¶ 29} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 30} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 31} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 32} The trial court's November 16, 2001 judgment entry in case no. 01-1769 stated, in pertinent part:
 {¶ 33} "The Court further finds pursuant to R.C. 2929.13(B) the offender is already under community control.
 {¶ 34} "The Court further finds the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.
 {¶ 35} "It is ORDERED that defendant serve a term of 12 months in prison. * * *"
 {¶ 36} Appellant does not dispute the trial court's finding that he was on community control in case no. 00-1858 at the time he committed the underlying offense in case no. 01-1769. The record further reflects that, at the November 13, 2001 sentencing hearing, in addition to sentencing appellant in case no. 01-1769, the trial court found:
 {¶ 37} "The defendant having been convicted in case number 01-1769, the Court finds the defendant in violation of the terms and conditions of the community control previously extended [in] case number 00-1858. The defendant is sentenced in that case to the Ohio Department of Rehabilitation and Corrections for a period of 11 months until released according to law and is ordered to pay the cost of prosecution.
 {¶ 38} "The sentences will be run consecutive, one to the other."
 {¶ 39} Notwithstanding the trial court's statements made at the November 13 hearing, the record shows that: (1) the court's rulings in case nos. 01-1769 and 00-1858 were journalized separately on November 16, 2001; (2) the judgment entry journalized on November 16, 2001, in case no. 01-1769, contains no specific reference to case no. 00-1858; and (3) our careful review of the record indicates that no appeal was taken in case no. 00-1858. Accordingly, since appellant has failed to perfect a timely appeal from the trial court's imposition of consecutive sentences in case no. 00-1858, we are without jurisdiction to consider that issue. App.R. 4. See also, State v. Cody (July 24, 1997), Cuyahoga App. No. 71540. Appellant's second assignment of error is not well-taken.
 {¶ 40} Appellant asserts in his third assignment of error that the trial court erred by ordering him to pay "unspecified fees and expenses" without first holding a hearing to determine whether he had the ability to pay.
 {¶ 41} In the November 16, 2001 judgment entry in case no. 01-1769, the trial court ordered appellant "to pay all prosecution costs and any fees permitted pursuant to R.C. 2929.18(A)(4)."
 {¶ 42} Pursuant to R.C. 2919.19(B)(6):
 {¶ 43} "[b]efore imposing a financial sanction under section 2929.18
* * * or a fine under section 2929.25 * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."
 {¶ 44} It is undisputed that the trial court did not hold a hearing pursuant to R.C. 2929.19 to determine whether appellant had the present or future ability to pay costs and fees. Accordingly, the trial court erred as a matter of law, and appellant's third assignment of error is well-taken.
 {¶ 45} The judgment of the Lucas County Court of Common Pleas is hereby affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion. Court costs of these proceedings are assessed to appellee, the state of Ohio.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Knepper and Glasser, JJ., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.