OPINION
{¶ 1} Defendant-appellant Steven J. Burger appeals from his conviction and sentence, following a guilty plea, upon a charge of Domestic Violence. Burger contends that the trial court abused its discretion by failing to grant his pre-sentence motion to withdraw his guilty plea.
 {¶ 2} We find this argument well-taken. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings in accordance with this opinion.
 I {¶ 3} In September, 2002, Burger pleaded guilty to one count of Domestic Violence. At the plea hearing, counsel for Burger stated that the State had agreed that in exchange for his guilty plea, Burger would receive community control sanctions for treatment purposes.
 {¶ 4} A sentencing hearing was held in November, 2002. Prior to the hearing, Burger was removed from the courtroom. The transcript indicates that the bailiff removed him because he was being disruptive. Burger was placed in another room and permitted to view the proceedings via television.
 {¶ 5} Counsel for Burger informed the trial court that Burger wanted to withdraw his guilty plea if the trial court intended to impose a sentence that was greater than nine months. The trial judge denied Burger's request to withdraw his plea, indicating that it was "not the negotiated stance that [Burger] would absolutely get treatment," and that the trial court had never agreed to that recommendation. The trial court then sentenced Burger to twelve months of incarceration.
 {¶ 6} From his conviction and sentence, Burger appeals.
 II {¶ 7} Burger's sole assignment of error is as follows:
 {¶ 8} "The trial court erred to appellant's detriment when it did not follow the plea agreement and when it denied the appellant's motion to withdraw his plea once appellant learned that the agreement would not be followed."
 {¶ 9} Burger contends that the trial court abused its discretion by denying his pre-sentence motion to withdraw his guilty plea.
 {¶ 10} The Ohio Supreme Court has stated that motions to withdraw guilty pleas made before sentencing are, in general, to be freely allowed. See, State v. Xie (1992), 62 Ohio St.3d 521,526, citations omitted. However, a defendant does not have an absolute right to withdraw his plea, even if made prior to sentencing. Id, paragraph one of the syllabus. The decision of whether to grant or deny a motion to withdraw a plea rests, even when the motion is made before sentencing, within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Accordingly, the trial court's decision will not be reversed unless the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157, citations omitted.
 {¶ 11} When a pre-sentence motion to withdraw a plea is denied, the following factors are considered by an appellate court on a defendant's claim that the trial court abused its discretion in denying the motion: "(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea."State v. Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 12} Of relevance to this case is whether Burger understood the possible penalties prior to entering into the plea and whether a full hearing was afforded on the motion to withdraw the plea. A review of the transcript of the plea hearing indicates that there was a recitation of an agreement between the State and defense counsel that Burger should be granted community control sanctions for treatment purposes. While the record demonstrates that trial court gave no indication that it would join in this agreement, neither did it or anyone else on the record at the hearing advise Burger that the trial court was not bound by this agreement.
 {¶ 13} When reference was made to this agreement during the sentencing hearing, the trial court stated, "I never agreed to that." Counsel for Burger responded by saying, "[w]e understand that, Your Honor." One might ordinarily infer from counsel's statement and Burger's silence in the face of that statement that Burger did, in fact, understand, at the time of the plea, that the trial court was not bound by the plea agreement. However, because Burger was not physically present in the courtroom when his counsel made that statement, Burger was not able to make any personal statements and was not asked if he had any comments prior to sentencing. Therefore, it is not reasonable to infer from Burger's silence that he acquiesced in his counsel's statement that he understood at the time of his plea that the trial court was not bound by the agreement. Furthermore, we cannot say that Burger was afforded a full hearing on the motion to withdraw the plea.
 {¶ 14} We conclude that the trial court abused its discretion by denying Burger's motion to withdraw his guilty plea. Accordingly, Burger's sole assignment of error is sustained.
 III {¶ 15} Burger's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded with directions that the trial court permit Burger to withdraw his plea of guilty, and for all other proceedings in accordance with this opinion.
Brogan and Grady, JJ., concur.