OPINION
{¶ 1} Defendant-Appellant, Dale Lee Moss, appeals a judgment of the Montgomery County Common Pleas Court overruling his motion to withdraw his plea of guilty, convicting him of five counts of rape, R.C. 2907.02(A)(1)(b), and eight counts of *Page 2 
sexual battery, R.C. 2907.03(A)(5), and sentencing him to an aggregate term of twenty years of imprisonment. Moss asserts that the trial court improperly denied his motion to withdraw his plea. Finding that the trial court did not abuse its discretion in denying the motion to withdraw the plea, we affirm the trial court's judgment.
 {¶ 2} On March 9, 2006, Moss was indicted on twelve counts of raping a child less than thirteen years of age, in violation of R.C. 2907.02(A)(1)(b) and fifteen counts of sexual battery, in violation of R.C. 2907.03(A)(5), arising out of multiple incidents during which Moss engaged in sexual conduct with his three daughters.
 {¶ 3} After the disposition of pre-trial motions, Moss appeared on May 17, 2007 and entered guilty pleas to five of the rape counts and eight of the sexual battery counts, in a plea agreement that provided for an aggregate sentencing range of twelve to twenty years. The remaining charges were dismissed.
 {¶ 4} On June 26, 2007, Moss appeared for sentencing, at which time he informed his counsel that he wanted to withdraw his guilty pleas. Counsel made an oral motion to withdraw, and the court continued the sentencing, pending ruling on the motion, for one week. Defendant's counsel indicated to the court at a sidebar that the basis for the withdrawal motion appeared to be that Moss' daughters had appeared for the sentencing. On the record, counsel told the court that neither he nor Moss had the opportunity to review the P.S.I. report prior to the scheduled sentencing.
 {¶ 5} On July 3, 2007, Moss appeared for the continued sentencing/motion to withdraw hearing. Prior to the hearing, counsel and the court adjourned to chambers to view the video of the plea hearing to determine whether Moss had been afforded a full Crim. R. 11 hearing when he entered his guilty pleas. Apparently other discussions concerning the motion occurred in chambers; however, the record does not reflect the *Page 3 
nature of these discussions. Upon returning to the courtroom, the court overruled the motion, and proceeded to sentence Moss to an aggregate term of twenty years in prison.
 {¶ 6} It is from this judgment that Moss takes the instant appeal, setting forth a single assignment of error for our review.
 Assignment of Error {¶ 7} THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS PLEA OF GUILTY.
 {¶ 8} This Court reviews a motion to withdraw a guilty plea under an abuse of discretion standard. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd., 66 Ohio St.3d 619, 621, 614 N.E.2d 748,1993-Ohio-122. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. UnitedStates (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 9} A motion to withdraw a guilty plea is governed by Crim. R. 32.1, which provides: "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} Under Crim. R. 32.1, a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." Xie,62 Ohio St.3d at 527. While even this determination is confided to the sound discretion of the trial court and does not confer an absolute right to withdraw a guilty plea, Id., paragraph one of syllabus, it is obviously a far more liberal test than the post-sentence requirement of a manifest injustice. *Page 4 
 {¶ 11} In determining whether to grant a pre-sentence motion to withdraw a guilty plea, the court is directed to apply the factors, set forth in State v. Fish (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788, that this court applied in State v. Sulek, Greene App. No. 2004-CA-2,2005-Ohio-4514. These factors would include: "(1) whether the accused [was] represented by highly competent counsel; (2) whether the accused was given a full Crim. R. 11 hearing before entering the plea; (3) whether a full hearing was held on the motion [to withdraw the plea]; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion sets out specific reasons for the withdrawal; (7) whether the accused understood the nature of the charges and possible penalties; and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges." Id. at ¶ 17. Herein, the court stated prior to ruling to deny the motion: "* * * we have heard the presentations of the State and the defendant regarding Defendant's Motion to Withdraw Plea. We have adjourned with sufficient time for this court to review the plea taken by Judge Tucker in this case.
 {¶ 12} "And, on the basis of all of that, the court has determined as follows: at the time of the plea, defendant was represented by competent counsel. He was given a full hearing pursuant to Crim. R. 11 prior to entering a plea. He's been given all opportunity to present his view at this hearing on a Motion to Withdraw his plea. And the court, I believe, has given full and fair consideration to the plea withdraw request.
 {¶ 13} "Based in part on the comprehensive Rule 11 proceedings before Judge Tucker that creates a presumption that the plea was voluntarily entered, and having reviewed that process, the court finds that it's not appropriate to allow the defendant to withdraw his plea. And the motion is denied." *Page 5 
 {¶ 14} While the trial court did not specifically address several of the factors, the record clearly reflects that some of those factors were not in dispute. Moss made the motion within six weeks of the plea, on the morning of the scheduled sentencing, and the state made no argument that it would be prejudiced in any fashion by granting the motion. In fact, at one point the State argued that the state was willing to go along with the plea withdrawal, because the plea agreement was too lenient; that Moss had confessed; and that the State would argue for thirty to forty years of imprisonment upon conviction. The court also did not address any specific reasons for which the motion was made or whether Moss had a complete defense to the charges. However, the record does not show that even after affording both Moss and his counsel the opportunity to offer anything further for the record, that there was any suggestion that there was a complete defense, or any reason for the motion other than a change of heart because of the appearance of Moss' daughters at the sentencing.
 {¶ 15} Furthermore, the record supports the trial court's determination that Moss was afforded a full and complete Crim. R. 11 hearing prior to entering his plea and that Moss fully understood the nature of the charges that he was facing and the potential penalties. The record further suggests that, because Moss had confessed to the activity for which he was charged, he, therefore, had no real defense to the charges.
 {¶ 16} Consequently, because of the broad and liberal discretion reposed in the trial court in these matters, we cannot say that the trial court's determination to deny the motion to withdraw the plea was an abuse of discretion. The appellant's assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is hereby affirmed. *Page 6 
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
WOLFF, P.J., concurs.
Copies mailed to:
Mathias H. Heck, Jr.
R. Lynn Nothstine
James C. Staton
Hon. Gregory F. Singer