[Cite as *State v. Nagel*, 2013-Ohio-2356.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2012CA00211 |
| JASON T. NAGEL | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Case No. 2012CR0910B

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 3, 2013

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO,        EUGENE O'BYRNE
PROSECUTING ATTORNEY,        101 Central Plaza South
STARK COUNTY, OHIO        Canton, Ohio 44702

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1}   Defendant-appellant Jason T. Nagel appeals his sentence entered by the Stark County Court of Common Pleas, after the trial court denied his motion to withdraw plea.  Plantiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On August 6, 2012, the Stark County Grand Jury indicted Appellant on one count of breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree.   The trial court granted the state's request to amend the indictment to one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree.  Thereafter, Appellant entered a plea of guilty to the amended indictment.  The trial court accepted his plea and ordered a presentence investigation.

{¶3}   While the presentence investigation report was being prepared, Appellant retained new counsel who filed a motion to withdraw plea on his behalf.  Appellant argued he did not have "the understanding of the present and future ramifications of his plea."  Appellant explained he would lose his current living situation due to a felony conviction.  Appellant also claimed he had a defense to the charge.

{¶4}   At the beginning of the sentencing hearing on October 10, 2012, the trial court addressed Appellant's motion.   The trial court determined Appellant had a felony conviction prior to his entering a guilty plea to the instant receiving stolen property charge.   The trial court overruled the motion, stating "[s]o the felony conviction aspect of this is a justification certainly does not have any weight with this court nor has any

---

[1] A Statement of the Facts underlying Appellant's conviction and sentence is not necessary for our disposition of this Appeal.

basis been given even though it's prior to sentencing." Transcript of October 10, 2012 Sentencing Hearing at 4-5.    The trial court immediately proceeded to sentence Appellant, imposing a two year period of community control sanctions as well as 200 hours of community service.

{¶5}    It is from this sentence Appellant appeals, assigning as error:

{¶6}    "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING APPELLANT TO WITHDRAW HIS PLEA UPON HIS MOTION PRIOR TO SENTENCING."

I

{¶7}    Crim. R. 32.1, which governs motions to withdraw guilty pleas, provides in pertinent part: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶8}    A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton,* 5th Dist. No. CT2008–0011, 2008–Ohio6328, ¶ 32, citing *State v. Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

{¶9}    The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an appellate court unless the trial court abused its discretion. *State v. Xie,* supra, 62 Ohio St.3d 521 at paragraph two of the syllabus. In order to find an abuse of discretion, the

reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of the hearing. *State v. Xie,* supra, 62 Ohio St.3d at 525, citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶11} In reviewing a trial court's decision regarding a motion to withdraw a guilty plea, the court in *State v. Fish* set forth a non-exhaustive list of factors to be weighed. 104 Ohio App.3d 236, 661 N.E.2d 788 (1995). These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was possibly not guilty or had a complete defense to the crime. *Id.,* 104 Ohio App.3d at 240. In weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Davison,* 5th Dist. No.2008–CA–00082, 2008–Ohio–7037, ¶ 45, citing *State v. Kramer,* 7th Dist. No. 01–CA–107, 2002–Ohio–4176, ¶ 58.

{¶12} Appellant sought to withdraw his guilty plea because of the negative consequences a felony conviction would have on his living situation, i.e., his job and his residence. The trial court concluded Appellant's reason did not have legal merit as he already had a prior felony conviction; therefore, the proffered reason did not warrant the requested relief. Further, Appellant asserted he had a complete defense, however, he did not offer any specifics in his motion with regard to such.

{¶13} We find the trial court did not abuse its discretion in overruling Appellant's motion to withdraw his guilty plea.

{¶14} Appellant's sole assignment of error is overruled.

{¶15} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee            :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JASON T. NAGEL                         :
                                       :
    Defendant-Appellant           :          Case No. 2012CA00211


For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE