[Cite as *State v. Gregory*, 2020-Ohio-1155.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-19-1063

    Appellee                                       Trial Court No. CR0201802500

v.

Laron Gregory                                   **DECISION AND JUDGMENT**

    Appellant                                      Decided:  March 27, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Laron Gregory, appeals the March 22, 2019 judgment

of the Lucas County Court of Common Pleas which, following no contest pleas to

procuring prostitution and receiving stolen property, sentenced appellant to terms of

probation and community control. Because we find that the trial court did not abuse its discretion when it denied appellant's motion to withdraw his no contest pleas, we affirm.

{¶ 2} Appellant was indicted on August 15, 2018, on one count of promoting prostitution, a fourth-degree felony, and one count of receiving stolen property, a fifth-degree felony. The charges stemmed from the June 21, 2018 operation in Holland, Lucas County, Ohio, where an undercover officer arranged a purchase of a prostitute. She arrived at the hotel in a vehicle driven by appellant which had a stolen license plate. A search of appellant revealed nine hotel key cards, four cell phones, a fake pistol, and $743 in cash. On September 26, 2018, appellant entered not guilty pleas.

{¶ 3} Pursuant to an agreement with the state, on March 13, 2019, appellant withdrew his not guilty pleas and entered pleas of no contest to an amended charge of procurement of a prostitute for another, a first-degree misdemeanor, and as indicted, the receiving stolen property charge.

{¶ 4} At appellant's March 20, 2019 sentencing hearing, appellant's counsel orally moved to withdraw appellant's plea. Counsel indicated that appellant was in possession of text messages from the victim which expressed her love and affection for him and appeared to be favorable to his case. Following argument by the parties, the trial court denied the motion and proceeded to sentencing. This appeal followed with appellant raising one assignment of error for our review:

> I. The trial court abused its discretion when it denied appellant's motion to withdraw his guilty plea.

2.

**{¶ 5}** Crim.R. 32.1 provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶ 6}** Generally, a motion to withdraw a guilty plea is to be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). However, the *Xie* court indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* The court further held that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Accordingly, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." *Id.* at 527.

**{¶ 7}** In reviewing whether a presentence motion to withdraw a plea should have been granted, an appellate court should consider:

(1) [W]hether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial

court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime.

*State v. Eversole*, 6th Dist. Erie Nos. E-05-073, E-05-076, E-05-074, E-05-075, 2006-Ohio-3988, ¶ 13, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st. Dist.1995).

{¶ 8} As set forth above, on the day of sentencing appellant's counsel made an oral motion to withdraw appellant's pleas indicating that the motion was based on "newly discovered evidence." Counsel stated that appellant informed him on the morning of sentencing that he had received "numerous text messages" from the victim/witness expressing her love for him. Counsel stated:

[T]his is the victim the State relied upon to testify at a trial in this matter regarding the promoting prostitution.

And I believe the evidence is favorable to Mr. Gregory. I will say that I did not find in my cursory review of the text messages any statements indicating that she had lied to the police or Prosecutor.

However, there is still evidence that would be favorable to the Defendant, and I think it would be appropriate, if he wishes to have a jury

4.

decide this matter and present that to the jury and let them decide whether this witness is indeed credible or not.[1]

{¶ 9} The state countered that the fact that the victim may love appellant had no bearing on its ability to prove the charge of procuring prostitution, that the messages were provided 175 days after appellant's arraignment, and that appellant had failed to show that either he was not guilty of the offense or that he had a complete defense to the charge.

{¶ 10} Addressing the relevant factors, the court first noted that appellant's positon was contra to his desire to proceed directly with sentencing following the plea hearing just one week prior. The court also ascertained from counsel that the text messages at issue were in appellant's possession late June 2018. The court further noted that the messages did not appear to be exculpatory or even related to the crimes; further, appellant did not have a defense or claim of innocence.

{¶ 11} Next, the court stated that appellant was provided a full Crim.R. 11 plea hearing and he understood the nature of the charges and penalties, he was given a fair hearing on the motion to withdraw including the opportunity to prepare for argument and the court's ability to research the relevant case law, that the court gave full and fair consideration to the motion, and that the timing of the motion was not reasonable because appellant had possession of the texts throughout the course of the proceedings.

---

[1] We note that appellant presented no argument as to the receiving stolen property charge.

5.

{¶ 12} Reviewing appellant's arguments and the record below, we find that the trial court did not abuse its discretion when it denied appellant's motion to withdraw his no contest pleas. Appellant's assignment of error is not well-taken.

{¶ 13} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.